JOHNSON, Judge.
Appellant Gentry brings his appeal from a denial by the trial court of his motion styled, “Motion to correct trial court records and upon correction, motion to vacate judgment and sentence.” This motion was filed subsequent to his petition for writ of habeas corpus to the Florida Supreme Court and the decision rendered in Gentry v. State, 172 So.2d 433, wherein relief was denied but without prejudice to petitioner to petition the trial court to correct its records.
*532 Appellant and three codefendants were informed against for armed robbery in November 1951. The trial'court records show that Gentry was represented by counsel, Forsyth Caro, at the time he was arraigned and entered a plea of guilty and also at the time of sentencing. Following the decision of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, appellant filed several motions pursuant to Florida Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix, alleging that he did not have counsel at the time of his arraignment and sentencing. Four such motions prior to the habeas corpus petition are listed in the trial judge’s order which is the subject of this appeal. All motions were denied and appellant did not appeal from any of these.
Contained in the record of this case is a letter from Mr. Caro which states clearly and unequivocally that he did not represent Gentry but was employed to represent one of the codefendants and the codefend-ants were seeking to clear themselves by claiming that Gentry was to blame for the criminal offense. In denying the relief requested in appellant’s latest motion the trial judge relied entirely upon the statement in the court records that appellant was represented by Mr. Caro and also several statements made by appellant in his earlier motions concerning counsel, which motions have not been made a part of this record on appeal.
Ordinarily, in a case of this nature this .court would approve the action of the trial court in denying a motion of this kind when the appellant has previously filed other motions alleging similar grounds for relief. Too, we are aware that court records are presumed to be prima facie correct and the trial judge possesses a great deal of discretion in ruling on a petition to correct the court record. However, here we have a positive statement by the attorney declaring that he did not represent the appellant at a time when the United States Supreme Court has decreed that a defendant must have counsel or have made an intelligent waiver in order that his conviction can stand. Under these facts we feel that a hearing is mandatory to determine whether this appellant did have the necessary representation which must be furnished to meet the requirements established in the Gideon case. A hearing was likewise ordered in Quillian v. State of Florida, 163 So.2d 1 (Fla.App.3d, 1964) where the court record showed two defense attorneys participated in the trial of Quillian and a co-defendant but did not show whether either attorney in fact represented Quillian.
Therefore, we must reverse and remand this cause for further proceedings consistent with the views expressed above.
WIGGINTON, Acting C. J., and CARROLL, DONALD K., J., concur.