JOHNSON, Judge.
This appeal is from a denial of a motion filed by appellant Smith pursuant to Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix. Smith was convicted of robbery and is presently serving a sentence for such offense.
Smith filed a Rule 1 motion containing several grounds upon which he relies to support his view that his conviction and sentence should be set aside. Such motion was denied without a hearing by the trial court. With the exception of the allegation that he was not represented by counsel which we will discuss herein, we find that the motion was without merit and the trial court was correct in not holding a hearing on those matters.
However, we must disagree with the trial court’s disposition of the allegation concerning lack of counsel. The United States Supreme Court has made it abundantly clear, beginning with Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, that an indigent person charged with a felony is entitled to court appointed counsel under the guarantee of counsel provision of the Sixth Amendment, Constitution of the United States. Such guarantee is made applicable and is binding upon the states by the due process clause of the Fourteenth Amendment, Constitution of the United States.
In his motion Smith alleges that he was indigent and requested counsel but none was appointed. Smith and two co-defendants were tried for robbery. He says that at the trial the judge asked if one of his codefendants’ attorneys “would lend the defendant Johnny Ray Smith a helping hand.” An attorney employed by one of the codefendants is said to have replied, *643 “Your honor, I represent the defendant Oscar Smith, but where there would be no conflict of interest to my client I wouldn’t be opposed to helping Mr. Smith.”
The trial judge in his order summarily denying appellant’s motion refers to several pages of the Circuit Court Minute Book to support his conclusion that appellant was represented by counsel at all critical stages of his trial. The appellant in his directions requested that these minute book entries be included in the record of appeal. We were not furnished with these book entries but assume from the information set out in the order appealed that the minutes recite that Smith and his codefendants appeared in court accompanied by counsel. This we feel is not sufficient to show that this appellant was actually represented by counsel at the trial.
The record in Quillian v. State, 163 So.2d 1 (Fla.App.3d, 1964) showed that two defense attorneys participated in the trial of Quillian and another defendant. The record did not show that either of the attorneys actually represented Quillian, consequently the appellate court reversed the order of the trial court denying Quillian’s Rule 1 motion without a hearing and remanded the cause for a hearing on the matter. A similar situation was before this Court in Gentry v. State, 186 So.2d 531 (Fla.App.1st, 1966), although the record there contained a statement from counsel that he did not represent Gentry but was employed by and represented another defendant.
In view of the allegations made in the Rule 1 motion we feel that a hearing should have been ordered on the question of whether Smith was accorded his right to counsel or made an intelligent waiver thereof. Therefore, we must reverse and remand for further proceeding in accordance with the provisions of Criminal Procedure Rule 1.
WIGGINTON, Acting C. J., and SPEC-TOR, J., concur.