207 So.2d 323 (1968)
William Shelton HERRINGTON, Appellant,
v.
STATE of Florida, Appellee.
No. 67-222.
District Court of Appeal of Florida. Second District.
February 23, 1968.
*324 Lee R. Horton, Jr., Public Defender, and Robert L. Trohn, Asst. Public Defender, Lakeland, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for appellee.
PER CURIAM.
Appellant brings this appeal from an order summarily denying his motion for post-conviction relief under Criminal Procedure Rule 1 (now Rule 1.850), 33 F.S.A.
Appellant was convicted of robbery on May 21, 1956, and was placed on probation for a term of ten years. At a hearing conducted on October 22, 1956, his probation was revoked, and he was sentenced to a ten-year prison term. On April 5, 1967, he filed his Rule 1 motion to vacate such revocation and sentence, alleging that he had not been represented by counsel at the October 22, 1956, hearing. The court records indicate that appellant did have counsel at said hearing. Also contained in the record, however, is a letter from his purported attorney which states clearly and unequivocally that he in fact did not represent appellant at the hearing but had been in the courtroom merely as a spectator with appellant's mother. In denying appellant's motion, the court below relied upon the statement in the records that appellant had been represented by counsel. The court further noted that the motion was identical to two previous motions filed by appellant.
Florida courts have held that a probationer's lack of counsel at a proceeding at which probation is revoked and sentence is imposed voids the sentence but not the order of revocation itself. See Bryant v. State, Fla.App. 1967, 194 So.2d 21-22; Phillips v. State, Fla.App. 1964, 165 So.2d 246, 247. The United States Supreme Court, however, has since ruled that such lack of counsel renders the entire proceeding subject to collateral attack, "whether it be labeled a revocation of probation or a deferred sentencing." Mempa v. Rhay, 1967, 389 U.S. 128, 88 S.Ct. 254, 258, 19 L.Ed.2d 336, 342. Therefore, if appellant was not afforded the opportunity to be represented by counsel at the hearing in question, both the sentence imposed and the order revoking his probation are void.
Ordinarily, an appellate court would approve a lower court's denial of a Rule 1 motion where the movant has previously filed other motions alleging similar grounds for relief. Also, court records are presumed to be correct. Here, however, there is a positive statement from the attorney involved declaring that he did not represent appellant at the revocation of probation hearing. Under these circumstances an evidentiary hearing was mandatory. Gentry v. State, Fla.App. 1966, 186 So.2d 531, 532.
We, therefore, reverse the order denying appellant's motion and remand for an evidentiary hearing upon his allegation that he *325 was not afforded the opportunity to be represented by counsel at the time of revocation and sentencing.
Reversed and remanded.
LILES, C.J., and PIERCE and HOBSON, JJ., concur.