217 So.2d 578 (1969)
Alice Hough GARGAN, Appellant,
v.
STATE of Florida, Appellee.
No. 2050.
District Court of Appeal of Florida. Fourth District.
January 20, 1969.
Walter N. Colbath, Jr., Public Defender, and Bruce J. Daniels, Asst. Public Defender, West Palm Beach, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and James M. Adams, Asst. Atty. Gen., West Palm Beach, for appellee.
McCAIN, Judge.
On 21 April 1967 defendant Alice Hough Gargan was placed on probation after pleading guilty to an information charging her with a narcotics violation. She was subsequently *579 charged by affidavit with violating the terms of her probation. On 3 January 1968 she appeared without counsel, but upon being questioned stated she wished an attorney present and that she "would like to have public representation or try to represent my case somehow." The trial judge told defendant she was not entitled to counsel as a matter of right except at the time of sentencing. Then, without appointing counsel, the court continued the case until the next day.
The following day defendant again appeared without counsel and pleaded guilty to the alleged violation of her probation. The public defender was then appointed to represent her at the sentencing. Defendant here appeals the order revoking her probation, claiming she was denied her constitutionally guaranteed right to counsel. We agree.
The United States Supreme Court was recently faced with a situation very similar to the one now before us. There the petitioner had been denied counsel during a hearing at which his probation was revoked and sentence imposed. The court held that "a lawyer must be afforded at this proceeding whether it be labeled a revocation of probation or a deferred sentencing." Mempa v. Rhay, 1967, 389 U.S. 128, 88 S.Ct. 254, 258, 19 L.Ed.2d 336, 342. The state would have us draw a distinction between the one step procedure used by the State of Washington in Mempa and the instant two stage device in which an attorney was appointed to represent defendant at her sentencing. This contention must be rejected. See Herrington v. State, Fla.App. 1968, 207 So.2d 323.
Moreover, it is clear that the right to counsel exists at every stage of a criminal proceeding where substantial rights of a defendant may be affected. Mempa v. Rhay, supra; Gideon v. Wainwright, 1963, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; French v. State, Fla.App. 1964, 161 So.2d 879. Certainly the decision to deprive a probationer of his freedom is as critical as the subsequent imposition of sentence. In fact without the former the latter would not arise. Nor should the right to counsel attach only if the defendant denies violating the probation conditions. To so hold would be analogous to saying that an accused is only entitled to counsel once he pleads to the original charging document. This is clearly not the case. See Peterson v. Wainwright, Fla. 1963, 155 So.2d 542 and Dortch v. State, Fla.App. 1964, 165 So.2d 409.
It is apparent from the record that defendant requested the assistance of counsel and in no way could it be said that she waived her rights.
Accordingly, the order is reversed and the cause remanded for further proceedings consistent with the views expressed in this opinion. Mempa v. Rhay, supra; Herrington v. State, supra.
Reversed and remanded.
WALDEN, C.J., and CROSS, J., concur.