328 So.2d 568 (1976)
Merle VAN CLEAF, Appellant,
v.
STATE of Florida, Appellee.
No. 75-846.
District Court of Appeal of Florida, Second District.
March 19, 1976.
*569 Jack O. Johnson, Public Defender, and Dan P. Brawley, Asst. Public Defender, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
In 1969 appellant, accompanied by his court-appointed counsel, entered a plea of nolo contendere to a charge of forgery. He was adjudicated guilty and placed on three years' probation. Later that year he was charged with violating the conditions of his probation. He appeared without counsel at the revocation hearing. At the conclusion of the hearing, probation was revoked and appellant was sentenced to three years in the state prison. Appellant is now in prison in New York state. He has filed a motion to vacate the records incident to his revocation proceedings because he was not represented by counsel.
Appellant suggests that the revocation of probation is serving to enhance his prison tenure in New York. In any event, this court recently held in Weir v. State, Fla.App.2d, 1975, 319 So.2d 80, that a person no longer in custody could attack his conviction on Gideon grounds by way of coram nobis. Therefore, we will consider the motion on the merits.
A motion to vacate was filed under similar circumstances in Herrington v. State, Fla.App.2d, 1968, 207 So.2d 323, as a result of which this court stated:
"Florida courts have held that a probationer's lack of counsel at a proceeding at which probation is revoked and sentence is imposed voids the sentence but not the order of revocation itself. See Bryant v. State, Fla.App. 1967, 194 So.2d 21-22; Phillips v. State, Fla.App. 1964, 165 So.2d 246, 247. The United States Supreme Court, however, has since ruled that such lack of counsel renders the entire proceeding subject to collateral attack, `whether it be labeled a revocation of probation or a deferred sentencing.' Mempa v. Rhay, 1967, 389 U.S. 128, 88 S.Ct. 254, 258, 19 L.Ed.2d 336, 342. Therefore, if appellant was not afforded the opportunity to be represented by counsel at the hearing in question, both the sentence imposed and the order revoking his probation are void."
However, the United States Supreme Court more recently revisited the issue in Gagnon v. Scarpelli, 1973, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656. In Gagnon, the court held that an indigent person was only entitled to counsel in those probation revocation proceedings where he denied having committed the alleged violation of the condition of his probation or where there are other substantial and complicated reasons which may justify or mitigate the violation. The holding of Mempa v. Rhay, 1967, 389 U.S. 182, 88 S.Ct. 254, 19 L.Ed.2d 336, was limited to the proposition that a person is entitled to court-appointed counsel at sentencing even if this occurs at a probation revocation hearing.
Even though Gagnon tells us that for federal constitutional purposes our Herrington construction of the language of Mempa v. Rhay was stricter than necessary, we are unwilling to recede from Herrington because we believe that counsel should be appointed to represent an indigent probationer faced with revocation proceedings.
But does this mean that appellant's revocation of probation must be set aside? *570 The record reflects appellant's probation revocation was predicated upon a conviction of disorderly conduct to which appellant had pled guilty. The effect of the colloquy at the hearing was an admission by appellant of his violation of the conditions of his probation. Measured by Gagnon, this was not the type of case in which counsel was required. We, therefore, hold that the failure to provide appellant with counsel at the revocation hearing was not an error of constitutional dimension. There being no fundamental error, the 1969 probation revocation need not be set aside.
This conclusion cannot be carried over to the sentencing which took place at the conclusion of the hearing because of the constitutional interpretation announced in Mempa v. Rhay. Nevertheless, appellant has already served the sentence, and we see no purpose in seeking appellant's return from New York for resentencing. Therefore, the lower court's order denying appellant's motion is hereby
AFFIRMED.
HOBSON, Acting C.J., and SCHEB, J., concur.