399 So.2d 1082 (1981)
Randy YOUNG, Appellant,
v.
STATE of Florida, Appellee.
No. AB-278.
District Court of Appeal of Florida, First District.
June 22, 1981.
Randy Young, in pro. per.
Jim Smith, Atty. Gen., Tallahassee, for appellee.
OWEN, WILLIAM C., Jr. (Retired), Associate Judge.
This appeal seeks review of an order which denied without hearing appellant's Rule 3.850 motion for post-conviction relief. We reverse and remand for an evidentiary hearing.
Appellant's motion alleged that upon his conviction on a charge of involuntary sexual battery, he was sentenced to one year in jail and six years on probation; that a condition of probation was that he make restitution to his victim and pay a monthly supervision cost of $10.00; that while on probation he was arrested for violation of the above condition; that he was indigent and without funds to make the payments required as a condition of probation; that the court appointed the public defender to represent him at the revocation proceeding, but the public defender neither contacted him nor appeared at his revocation hearing: that at the revocation hearing the trial court made no finding of fact as to his ability to make the payments required as a condition of probation, the determination of which is required for a finding of violation based solely on the nonpayment of costs; and that he did not willfully avoid such payment.
*1083 An indigent probationer is entitled to counsel at a hearing on revocation of probation. Gargan v. State, 217 So.2d 578 (Fla. 4th DCA 1969). Presumably, counsel would have known that probation cannot be revoked solely for violation of a condition requiring payment without a factual determination by the court that the probationer was in fact able to make payments. Jones v. State, 360 So.2d 1158 (Fla. 1st DCA 1978), reh. denied; Robbins v. State, 318 So.2d 472 (Fla. 4th DCA 1975).
The motion for post-conviction relief was sufficient on its face, and in the absence of a copy of that portion of the files and records conclusively showing that the movant is entitled to no relief, an evidentiary hearing is required. Barfield v. State, 348 So.2d 621 (Fla. 4th DCA 1977); Martin v. State, 349 So.2d 226 (Fla. 4th DCA 1977); Fla.R.App.P. 9.140(g).
Depending upon the outcome of such hearing, and a further determination by the court as to whether appellant's probation was properly revoked, the trial court will have the opportunity to review the sentence imposed upon appellant in light of the Supreme Court's opinion and decision in the case of Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla. Opinion 1980), reh. denied (Revised Opinion filed April 23, 1981).
The court's order dated January 27, 1981, denying appellant's motion for post-conviction relief is reversed and this cause remanded for further proceedings consistent herewith.
REVERSED AND REMANDED.
SHAW and WENTWORTH, JJ., concur.