SCHOONOVER, Judge.
The appellant, Nathaniel Watts, has appealed the judgments and sentences entered against him by the trial court. The court’s action was the result of a revocation of probation hearing held over the appellant’s objection after his retained counsel did not appear at the hearing. We reverse.
These are consolidated appeals from two criminal cases involving the appellant. In one case, he pled guilty to unarmed robbery. In the other, he pled guilty to burglary of a conveyance and grand theft. He was placed on five years probation on each of the charges. The three sentences were to be served concurrently.
After the appellant was arrested for involuntary sexual battery, warrants charging him with violating six conditions of his probation were issued.
On the day of the probation revocation hearing, the appellant informed the court that he had retained private counsel. He stated the attorney had visited him the preceding day and agreed to be in court for *223 the hearing. The court refused to continue the hearing to allow the appellant to contact his attorney and made no effort to have him contacted by anyone else. Instead, the appellant was informed that he would have to accept the representation of the public defender’s office. The assistant public defender and the appellant informed the court that there had been no prior contact between them and that they had not discussed the case. The hearing was held over the appellant’s objection, and at its conclusion, the appellant was found guilty of violating his probation. He was immediately adjudicated guilty and sentenced to serve a total of twenty-five years in the state prison.
The appellant contends that he was denied his right to effective assistance of counsel. We agree.
A hearing for violation of probation is a critical stage in a proceeding against a defendant. Gleichauf v. State, 334 So.2d 174 (Fla. 4th DCA 1976).
This court has held that a probationer faced with revocation proceedings has the right to counsel at those proceedings. Van Cleaf v. State, 328 So.2d 568 (Fla. 2d DCA 1976).
We realize the trial court has an interest in bringing matters before it to a speedy determination. However, under the facts of this case, the probationer’s interest in retaining his liberty far outweighed the court’s interest.
Once the court was notified that the appellant had a private attorney who had agreed to represent him, it had the duty to ascertain if the appellant was in fact represented by that attorney. Baker v. Wainwright, 527 F.2d 372, 375 (5th Cir. 1976). Its failure to do so resulted in the denial of the appellant’s right to effective assistance of counsel.
The trial court’s error was not made harmless by appointing the public defender to represent the appellant. He had the right to be represented by his own attorney. § 948.06, Fla.Stat. (1979).
We accordingly reverse and remand for proceedings consistent herewith.
RYDER, A. C. J., and CAMPBELL, J., concur.