OTT, Judge.
Appellant was placed on probation by the Circuit Court of Collier County after a guilty plea to a third-degree felony charge of possession of cocaine in violation of section 893.13(l)(e), Florida Statutes (1981).
There were at least two modifications or extensions of the original probation period and conditions due to appellant’s failure to consistently report to the Collier County jail for weekend incarceration, as required by one of the conditions of probation.
The events leading to this appeal began with appellant’s arrest in Dade County on a misdemeanor marijuana charge. Based thereon, appellant’s probation officer filed the first affidavit of probation violation for failure to secure permission to leave Collier County and for failure to live within the law (the misdemeanor charge). The Dade County arrest occurred on September 18, 1980, and the affidavit based thereon was filed on December 12, 1980.
On January 21,1981, a second affidavit of probation violation was filed by appellant’s probation officer, adding four new narcotics violations: three separate sales to undercover officers and a possession charge for contraband seized under a search warrant— all having very recently occurred in Collier County.
The revocation hearing was held on February 23, 1981. At the hearing, it affirmatively appeared that appellant’s trial counsel (public defender) had not been served with a copy of the second affidavit of violation and personally was totally unaware of the inclusion of the four new narcotics violations. He moved for a continuance, which was denied. The trial judge held, however, that since appellant had been arraigned on the new Collier County narcotics charges some two weeks before the revocation hearing, trial counsel was charged with notice thereof even though he was not personally present — appellant having been represented at this arraignment by another member of the public defender’s office.
The trial judge proceeded to revoke probation on the following specific grounds:
(3) Leaving the county without consent of the probation officer.
(5) Five counts of failure to live and remain at liberty without violating any law. (Misdemeanor marijuana, three separate sales to narcotics officers, and contraband found pursuant to a search warrant.)
(6) Using intoxicants to excess.
At the sentencing hearing about a month and a half later, the trial judge sentenced appellant to 15 years and a $10,000 fine.
Of the various points raised on this appeal, we find merit in two only.
*936 Initially appellant contends that he was given an inadequate notice and opportunity to defend on the four Collier County narcotics charges which were alleged in the second affidavit. We agree. Due process, as interpreted in Gagnon v. Searpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), requires that a probationer receive reasonable and adequate notice of the alleged probation violations prior to a probation revocation hearing and in sufficient time to prepare a proper defense.[1] The state’s contention that Brice was adequately notified of these charges because of the previous arraignment is without merit. A transcript of the proceedings indicates that Brice’s counsel at the probation revocation hearing was only prepared to defend the allegations contained in the first affidavit, i.e., the misdemeanor marijuana charge and leaving the county without permission. If counsel at the probation revocation hearing and the arraignment had been one and the same, we would be inclined to find any deficiencies in the notice harmless. See Hines v. State, 358 So.2d 183 (Fla.1978), and Van Cleaf v. State, 328 So.2d 568 (Fla.2d DCA 1976).
Appellant next contends that the trial judge erred in the sentence. Following the revocation proceedings, the trial court imposed a sentence of 15 years in addition to a $10,000 fine. The sentence was purportedly for the underlying offense of sale, delivery, or manufacture of a controlled substance, which would be a violation of section 893.13(l)(a)l, Florida Statutes (1980). This crime is a second-degree felony punishable by up to 15 years incarceration under section 775.082(3)(c), Florida Statutes (1979). However, the underlying crime to which the probationer had previously pled guilty and been placed on probation was a third-degree felony offense of possession of a controlled substance under section 893.13(l)(e), Florida Statutes (1980). Section 775.082(3)(d), Florida Statutes (1979), provides that the maximum prison term for a third-degree felony is five years. The Florida Supreme Court has repeatedly stated that a sentence imposed upon probation revocation must be within the statutory maximum for the underlying offense. See State v. Jones, 327 So.2d 18 (Fla.1976), and State v. Holmes, 360 So.2d 380 (Fla.1978). We therefore find the sentence to be excessive.
We find no merit in the remaining grounds urged on this appeal.
We therefore strike the words “three separate sales to narcotics officers, and contraband found pursuant to a search warrant” appearing in specific ground number five of the court’s order of revocation. Since other substantive violations remain, the order of revocation and judgment of guilt are affirmed.
We VACATE the illegal sentence and REMAND for resentencing.
HOBSON, A. C. J., and BOARDMAN, J., concur.

. The following six essential elements were mandated by the court in Gagnon, supra: (1) written notice of claimed violation; (2) disclosure of evidence against probationer; (3) an opportunity to be heard and present witnesses and evidence; (4) the right to confront witnesses in most instances; (5) a neutral and detached hearing body; and (6) a written statement by the fact-finder as to evidence relied on and reasons for revocation.