NELSON, WILLIAM J., Associate Judge.
This is an appeal from a summary denial of appellant’s motion filed pursuant to Florida Rule of Criminal Procedure 3.850 in which he claims ineffective assistance of counsel. We reverse.
On January 19, 1979, appellant pled guilty to grand theft. The trial court placed him on three years probation with the condition that he spend one year in prison. On November 12, 1980, appellant entered a plea of nolo contendere to an unrelated charge of grand theft. The court placed appellant on three years probation for this offense.
On August 27, 1981, appellant was charged with violating three conditions of his probation: 1) failure to submit monthly reports, 2) failure to pay supervision costs, and 3) failure to live and remain at liberty without violating any law in that he committed burglary of an automobile and a dwelling. The court revoked appellant’s probation and sentenced him to three years imprisonment for each charge of grand theft.
At the revocation hearing, defense counsel stated appellant’s privately retained attorney had recently withdrawn and the court had appointed the public defender to represent appellant. Defense counsel stated that he had been assigned to the case the morning of the hearing and requested a one week continuance. The court denied the request.
A probationer has a right to counsel at a revocation hearing if the probationer denies the violations alleged in the affidavit or if other substantial complicated reasons require counsel. Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); Van Cleaf v. State, 328 So.2d 568 (Fla. 2d DCA 1976); see also Watts v. State, 409 So.2d 222 (Fla. 2d DCA 1982). In the instant case, appellant denied committing the alleged burglaries and, therefore, competent counsel was required at the hearing.
In a motion for post-conviction relief, an aggrieved defendant need only show that the court-appointed counsel was not “reasonably effective.” Chambers v. State, 337 So.2d 845 (Fla. 2d DCA 1976). The record in the instant case does not conclusively show that appellant received reasonably effective counsel. The fact that de *994 fense counsel participated in the case for less than twenty-four hours tends to negate the requirement of competent representation. Chambers v. State, supra.
We, therefore, REVERSE the order and REMAND the cause for a hearing on the issue of whether appellant was denied his right to competent counsel.
GRIMES, A.C.J., and RYDER, J., concur.