427 So.2d 773 (1983)
Esker E. SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1216.
District Court of Appeal of Florida, Second District.
February 11, 1983.
Jerry Hill, Public Defender, Bartow, and Deborah A. Adamson, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
Appellant, Esker Eric Smith, has appealed the modification of his probation in the trial court. The trial judge's action was the result of a revocation of probation hearing at which appellant was not represented by counsel. We reverse.
Appellant was charged with violating three conditions of his probation which required that he not use intoxicants to excess, that he work diligently at a lawful occupation, and that he promptly and truthfully answer all inquiries and comply with all instructions of the court or probation officer.
At his first appearance hearing on April 15, 1982, another trial judge asked appellant if he had a lawyer or if he wanted one appointed to represent him. Appellant answered, "I was planning on getting one, but I'd rather have a public defender. I guess I *774 don't. I don't know if I'm going to be able to." Based upon that answer, that trial judge did not order court appointed counsel but told appellant to see what he could do.
Appellant's revocation of probation hearing was held on April 23, 1982. Appellant again appeared without a lawyer. At this hearing the trial judge did not inquire as to appellant's lack of counsel, nor as to appellant's financial ability to retain counsel. Rather, the trial judge immediately proceeded with testimony which consisted solely of that of appellant. When the judge asked appellant if appellant understood what violations of probation he was accused of, appellant said, "Most of it." When asked whether he had a drinking problem, appellant answered, "No, sir. I was just worried." When asked whether he drank when he felt bad, appellant nodded his head. When asked why he violated the rules, drank beer, did not go to work, and lied about where he had been, appellant answered that "the first time" he left work on Easter Sunday and was laid off, that he then tried to find another job without success, and that he then "started drinking ... for two or three days" before he turned himself in. The judge ordered a modification of appellant's probation, extended his original jail sentence from six months to one year with credit for time served, and ordered him to jail for the balance of the sentence.
Appellant contends that the trial court erred in denying his right to effective assistance of counsel. We agree.
In Herrington v. State, 207 So.2d 323 (Fla. 2d DCA 1968), this court reversed the trial court's revocation of probation order and held that a probationer's lack of counsel at a proceeding at which his probation is revoked and sentence is imposed renders void the revocation of probation and the sentence imposed. That holding followed the position of the United States Supreme Court in Mempha v. Rhay, 389 U.S. 128, 86 S.Ct. 254, 19 L.Ed.2d 336 (1967), that the constitutional right to counsel exists at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected. See also Gargan v. State, 217 So.2d 578 (Fla. 4th DCA 1968), saying that the right to counsel exists at hearings involving revocation of probation as well as at the sentencing of a probation violator because "the decision to deprive a probationer of his freedom is as critical as the subsequent imposition of sentence." Id. at 579.
The United States Supreme Court later limited its Mempha holding in Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). In Gagnon the court found that an indigent probationer is entitled to counsel when he denies having committed the alleged violation of probation or where there are other substantially complicated reasons which may justify or mitigate a violation, making revocation inappropriate.
Despite Mempha, this court in Van Cleaf v. State 328 So.2d 568 (Fla. 2d DCA 1976), stated its unwillingness to recede from Herrington, although in Van Cleaf the violation was not deemed reversible error on collateral attack years following the conviction.
In finding that appellant was denied his right to effective counsel at the hearing in this case, we reaffirm that an indigent probationer is entitled to counsel at a hearing involving revocation of probation as well as at the time of sentencing, absent valid waiver of right to counsel. Herrington v. State, supra; Gargan v. State, supra; Gleichauf v. State, 334 So.2d 174 (Fla. 4th DCA 1976). We do not believe the right to counsel should be contingent upon appellant denying the charges or presenting a substantially complicated case. In Grier v. State, 424 So.2d 992 (Fla. 2d DCA 1983), a case involving a defendant's denial of the alleged probation violation, this court upheld defendant's right to counsel and cited Gagnon. However, we now reiterate our position in Van Cleaf that we will not recede from Herrington and will not adopt the foregoing limitations contained in Gagnon. We believe, for the reasons quoted hereinabove from Gargan, that at a probation revocation and sentencing hearing of *775 the nature involved here, the trial court should have made the same inquiries as to indigency and should have given the same admonitions as to right of counsel as required at the first appearance hearing when the subjects of those inquiries and admonitions had not been resolved.
Under the Gagnon test a criterion is the relative complexity of reasons for conduct which is alleged to constitute a probation violation. That criterion would in itself have the potential for complexity and uncertainty in application. Under our holding we need not consider whether the matter of drinking "to excess" is here, or ever is, "complicated."
In light of the above, we need not address appellant's second argument that the modification of his probation violated Villery v. Florida Parole & Probation Commission, 396 So.2d 1107 (Fla. 1980), except to say that Villery must be followed.
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT HEREWITH.
HOBSON, A.C.J., and RYDER, J., concur.