438 So.2d 908 (1983)
Roderick E. MULLINS, Appellant,
v.
STATE of Florida, Appellee.
No. 82-2130.
District Court of Appeal of Florida, Second District.
September 21, 1983.
Jerry Hill, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Theda James Davis, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
An information was filed on September 15, 1980, charging Mullins with burglary, grand theft, and dealing in stolen property. Soon thereafter, the state filed two additional informations charging appellant with two more counts of grand theft. Mullins was declared insolvent, and a public defender was appointed to represent him. Appellant pleaded guilty to the burglary charge and the three grand theft charges on February 5, 1981. He was adjudicated guilty and placed on probation for three years on each count, to run concurrently. Additionally, one condition of his probation was that he was to serve the first six months in county jail; however, on May 13, 1982, the court granted a motion to modify probation and released appellant.
A violation of probation affidavit was filed on July 26, 1982, alleging that Mullins had violated condition (5) of his probation, which required him to remain at liberty without violating any law. The affidavit specifically alleged that Mullins had been charged with battery and with trespass in an occupied structure on February 15, 1982, and had also been arrested on May 2, 1982, for disorderly intoxication.
On August 27, 1982, appellant appeared without counsel for a probation revocation hearing before the trial judge. The following colloquy took place at the hearing:
MR. HAVICE: Your Honor, this is Roderick Mullins. He's been charged by a misdemeanor conviction [sic] of disorderly conduct or disorderly intoxication.
THE COURT: Do you intend to have a lawyer represent you?
THE WITNESS (defendant): No.
THE COURT: Do you have a lawyer to represent you?

*909 THE WITNESS: No, I don't think I need one.
THE COURT: Have you ever been charged with a violation of the terms of your probation and specifically issue number five which basically said that you're not to violate any law of the State of Florida?
THE WITNESS: Yes, sir.
THE COURT: Are you prepared at this time to enter a plea to that offense or that charge?
THE WITNESS: Yes, sir.
THE COURT: How do you plead?
THE WITNESS: I plead guilty.
The court, thereafter, revoked appellant's probation and sentenced him to concurrent terms of two years and six months for each of the offenses. Then the court informed Mullins of his right to appeal, whereupon appellant stated he wished to appeal. The court found that Mullins was indigent and appointed a public defender to represent him on his appeal.
Mullins now contends he did not knowingly and intelligently waive his right to counsel at both his probation revocation hearing and the sentencing hearing which followed. We agree, set aside his plea of guilty to charges relating to violation of his probation, the revocation of probation and the sentence imposed as a result thereof.
In Smith v. State, 427 So.2d 773 (Fla. 2d DCA 1983), this court reiterated the principle that "an indigent probationer is entitled to counsel at a hearing involving revocation of probation as well as at the time of sentencing, absent valid waiver of right to counsel." See also Herrington v. State, 207 So.2d 323 (Fla. 2d DCA 1968). Thus, it is clear in this district that a probationer must be informed of his right to counsel prior to or at the beginning of a probation revocation hearing.[1] Accordingly, because "`the decision to deprive a probationer of his freedom is as critical as the subsequent imposition of sentence'", Smith at 774, citing Gargan v. State, 217 So.2d 578 (Fla. 4th DCA 1968), a trial court must inquire as to the validity of any waiver of counsel pursuant to the requirements set forth in Williams v. State, 427 So.2d 768 (Fla. 2d DCA 1983), and Florida Rule of Criminal Procedure 3.111(d).
In the case sub judice, it is evident from the record the court knew appellant was not represented by counsel but did not inform appellant of his right to counsel. Moreover, appellant's apparent waiver of counsel was invalid in any event because the court also failed to properly inquire of appellant as to the legal sufficiency of that waiver. Williams, supra; Smith, supra. Thus, it was reversible error for the court to revoke probation as appellant was not advised of his right to counsel and did not waive that right.
We need not address appellant's second contention as to the right to counsel at sentencing in light of our resolution of the first issue.
REVERSED and REMANDED for proceedings consistent herewith.
BOARDMAN, A.C.J., and DANAHY, J., concur.
NOTES
[1] But see Thompson v. State, 413 So.2d 1301 (Fla. 4th DCA 1982) (recognizing in dictum the holding of Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), that the "right to counsel in all probation revocation proceedings is not absolute"); Grandin v. State, 421 So.2d 803 (Fla. 3d DCA 1982) (recognizing in dictum the same principle of Gagnon that a probationer "does not have a right to appointed counsel at a probation revocation proceeding unless special circumstances" are present).