SCHEB, Judge.
Zachary Swift appeals the order revoking his probation and subsequent judgment and sentence for grand theft. Swift contends that the trial court failed to make sufficient inquiry prior to accepting his waiver of counsel at the probation revocation hearing. We agree and reverse.
Swift was originally convicted of grand theft and placed on probation for five years. The trial court adjudged him insolvent at that time. Swift subsequently failed to comply with several technical conditions of his probation. The trial court restored his probation but modified the conditions to include six months imprisonment and completion of the program at the Lake-land Probation and Restitution Center. The trial court again adjudged Swift insolvent.
Six months later Swift was charged with failing to participate in the required program at the Restitution Center. At the *656 hearing to determine if his probation should be revoked, Swift informed the court that he did not want an attorney to represent him. The trial court explained to him that he could be sent to prison as a result of the hearing. Further, the court informed him that he was entitled to representation by an attorney, and that an attorney would be appointed if he could not afford one. The court, however, did not inform Swift of the disadvantages of self-representation, nor did it determine whether the waiver was made voluntarily and intelligently. Finally, the court did not determine whether Swift would be deprived of a fair hearing if permitted to represent himself.
The court accepted Swift’s plea of guilty to the violation, revoked his probation, and sentenced him to three-years imprisonment as a youthful offender. The court did appoint the public defender to represent Swift on appeal.
In Smith v. State, 427 So.2d 773 (Fla. 2d DCA 1983), this court held that a probationer is entitled to counsel at a revocation hearing even if he does not wish to deny the charges. See also Van Cleaf v. State, 328 So.2d 568 (Fla. 2d DCA 1976). Furthermore, if a probationer wishes to waive his right to counsel, the “trial court must inquire as to the validity of any waiver of counsel pursuant to the requirements set forth in Williams v. State, 427 So.2d 768 (Fla. 2d DCA 1983), and Florida Rule of Criminal Procedure 3.111(d).” Mullins v. State, 438 So.2d 908 (Fla. 2d DCA 1983).
Here, the trial court failed to inform Swift of the disadvantages of self-representation and to make the necessary inquiry and determination to the extent required in Williams v. State. Therefore, we reverse the order revoking Swift’s probation and the judgment and sentence for grand theft. We remand for a new hearing on the alleged violation of Swift’s probation.
OTT, C.J., and DANAHY, J., concur.