447 So.2d 374 (1984)
Martin K. SANDERSON, Appellant,
v.
STATE of Florida, Appellee.
No. AV-248.
District Court of Appeal of Florida, First District.
March 13, 1984.
Rehearing Denied April 4, 1984.
Michael Allen, Public Defender; and P. Douglas Brinkmeyer, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Lawrence A. Kaden, Asst. Atty. Gen., for appellee.
NIMMONS, Judge.
Sanderson appeals both the order revoking his probation and the sentence for burglary, the offense for which he had been *375 placed on probation. Appellant, who was not represented by counsel in the revocation and sentencing proceedings, claims that he had a right to appointed counsel at such proceedings and that his purported waiver of counsel was insufficient. We affirm as to the revocation phase of the proceedings but reverse as to the sentencing phase.
In January, 1983, appellant was adjudged guilty of burglary of a conveyance and placed on probation for a period of one year. In June, 1983, after having been charged with a violation of probation, appellant's probation was extended by an additional year and he was ordered to pay court costs.
On July 25, 1983, another probation violation affidavit was filed charging appellant with having moved to Atlanta, Georgia, without obtaining permission from his probation officer in violation of the condition of the probation order prohibiting such action without express authorization.
Appellant appeared before the trial court on August 18, 1983, and was served with a copy of the affidavit which set forth the specifics of the alleged violation. In response to the court's inquiry as to whether appellant wished to employ an attorney, appellant replied in the affirmative. The court then scheduled the case for September 8 and advised the appellant to have his attorney contact the court as soon as appellant had employed one.
On September 8, 1983, appellant's case was called, and the following colloquy occurred:
THE COURT: Mr. Sanderson, you are before the Court today, the Court having instructed you to obtain the services of an attorney to represent you in this violation of probation.
Have you talked to an attorney?
THE DEFENDANT: No, sir. Is it possible for me to represent myself?
THE COURT: Yes, sir; certainly. I will ask you to sign a Waiver of Counsel.
(Defendant signing)
There was no dialogue between the court and appellant regarding his right to counsel. The form which the court requested appellant to sign appears in the record and is set forth as follows:
I, the undersigned, hereby state that the following facts are true:
1. I have been advised of my Constitutional right to be represented by an attorney;
2. I have been advised that if I am unable to employ an attorney that the Court will appoint an attorney to represent me in this case.
3. I understand the charge involving me in this case and that it could result in a fine or commitment to jail, or both, if I am found guilty.
4. No one representing the Court has offered me any promise or favor or reward, and I have not been in any manner threatened or made afraid.
5. I have read this paper and I understand its contents.
6. Of my own free will I do hereby waive any right to an attorney and elect to proceed without benefit of an attorney during the proceedings in Nassau County Circuit Court.
The form bears the signatures of appellant and a deputy clerk.
After the appellant acknowledged having previously received a copy of the violation affidavit, the court inquired as to whether he wished to plead guilty or not guilty. The appellant pled guilty. The court then invited appellant to present any mitigating statements and evidence which the appellant wished the court to hear. The appellant informed the court that his Atlanta employer was present to speak on his behalf. The court heard the testimony of the employer, a former high school classmate of appellant, who stated that the appellant, if allowed to remain on probation, could continue to work at his paint and body shop. The employer said that he had recently encountered appellant in Jacksonville and offered appellant a job and that appellant accepted and has been living with *376 him in Georgia for a month. Appellant did not inform him that he was on probation.
As to the reason for appellant's failure to contact the probation officer before leaving the state, appellant explained that the job was offered late on a Friday night, that he did not have time to call his probation officer and that he had to get a job to pay the court costs previously ordered by the court. The court then revoked the appellant's probation and imposed a one-year sentence.
If the appellant were entitled to appointed counsel at his revocation hearing, we would be constrained to reverse the order revoking probation because of the insufficiency of the trial court's inquiry regarding self-representation. The criteria necessary to a finding of a proper waiver of counsel are clearly absent in this case. See Swift v. State, 440 So.2d 655 (Fla. 2nd DCA 1983); Tucker v. State, 440 So.2d 60 (Fla. 1st DCA 1983); Keene v. State, 420 So.2d 908 (Fla. 1st DCA 1982), rev. denied 430 So.2d 452 (Fla. 1983); Williams v. State, 427 So.2d 775 (Fla. 2nd DCA 1983); Smith v. State, 444 So.2d 542 (Fla. 1st DCA 1984); Fla.R.Cr.P. 3.111(d). However, we find that Sanderson was not entitled to appointed counsel at the revocation hearing.
Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), held that a defendant does not have a constitutional right to appointed counsel at a probation revocation proceeding absent special circumstances which require the appointment of counsel as a matter of fundamental fairness. Accord Grandin v. State, 421 So.2d 803 (Fla. 3rd DCA 1982); Woodard v. State, 351 So.2d 1096 (Fla. 3rd DCA 1977); but see Van Cleaf v. State, 328 So.2d 568 (Fla. 2nd DCA 1976); Swift v. State, supra; Smith v. State, 427 So.2d 773 (Fla. 2nd DCA 1983); Gargan v. State, 217 So.2d 578 (Fla. 4th DCA 1969).
The Supreme Court in Gagnon stated that an indigent's need for appointed counsel in probation revocation proceedings should be made on a case-by-case basis. Certain factors guiding that determination are gleaned from the Gagnon opinion:
Presumptively, it may be said that counsel should be provided in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.
411 U.S. at 790, 93 S.Ct. at 1763.
The case at bar is not one in which the probationer requested and was refused appointed counsel. In fact, Sanderson initiated the request to represent himself. Also, he readily admitted leaving the state without permission. Indeed, the only testimony that he was interested in offering was that of his Georgia employer as summarized above. The charge alleged in the affidavit was about as simple and straightforward a probation violation charge as there could be. If it is possible to have a probation revocation case in which the defendant does not have the right to appointed counsel  and Gagnon teaches that it is possible  then the instant case is an obvious candidate.
We do not believe that this court's previous opinion in Young v. State, 399 So.2d 1082 (Fla. 1st DCA 1981), requires a different result. Although the court stated that "an indigent probationer is entitled to counsel at a hearing on revocation of probation," the circumstances there were significantly different. In Young, the defendant appealed from an order which denied his Rule 3.850 motion without hearing and which failed to attach any portion of the lower court record. The defendant's motion alleged that he had been charged with a violation of probation by reason of his failure to make restitution to the victim and to pay the monthly cost of supervision; *377 that he was indigent and without funds to make the payments; that although the court appointed the public defender to represent him at the revocation proceeding, the public defender neither contacted him nor appeared at the revocation hearing; and that the court made no finding as to his ability to make the required payments. Understandably, this court reversed the order denying the motion and remanded the case for hearing or for the entry of a denial order with copies of portions of the lower court record conclusively showing that the movant was entitled to no relief. The facts involved in Young are patently and materially different from those in the instant case. We are of the view that adoption of a per se rule for appointed counsel in probation revocation proceedings would be inappropriate. And we do not read Young as suggesting otherwise, especially in view of Gagnon.
We realize that the Second District has been reluctant to accord to Gagnon the full import of that decision:
Even though Gagnon tells us that for federal constitutional purposes our Herrington [v. State, 207 So.2d 323 (Fla. 2nd DCA 1968)] construction of the language of Mempa v. Rhay was stricter than necessary, we are unwilling to recede from Herrington because we believe that counsel should be appointed to represent an indigent probationer faced with revocation proceedings.
Van Cleaf v. State, supra, 328 So.2d at 569. We are not so reluctant to embrace Gagnon and its rationale.
We, therefore, hold that the trial court's probation revocation order need not be set aside. However, we reach a different conclusion with respect to the lower court's action in proceeding to sentence the defendant absent counsel or a sufficient waiver of counsel. As the Third District stated in Woodard v. State, supra:
The decision in [Mempa v. Rhay, 389 U.S. 128, 19 L.Ed.2d 336, 88 S.Ct. 254 (1967)] mandates the presence of counsel at sentencing, whether or not this occurs at the same time as revocation of probation. Thus the sentencing procedure was constitutionally defective and must be reversed.
351 So.2d at 1098. Even if the trial court had, at the commencement of the probation revocation proceedings, conducted a selfrepresentation inquiry of the kind mandated by the authorities as mentioned earlier herein, the court would have still been required to renew the offer of counsel for the sentencing phase of the proceedings. Fla. R.Cr.P. 3.111(d)(5); Woodard v. State, supra; Tucker v. State, supra; Baranko v. State, 406 So.2d 1271 (Fla. 1st DCA 1981); Billions v. State, 399 So.2d 1086 (Fla. 1st DCA 1981).
The order revoking appellant's probation is Affirmed. However, the sentence is vacated, and this cause is remanded for further proceedings consistent with this opinion.
SMITH and WIGGINTON, JJ., concur.