HANLON, MORTON, J., Associate Judge.
Appellant Verdie Williams appeals the trial court’s order revoking his probation and imposing judgment and sentence on the underlying offenses of aggravated battery and witness tampering. We reverse.
Appellant was placed on two years probation on the aggravated battery offense and one year probation on the witness tampering charge on September 30, 1980. Appellant subsequently was charged on January 15,1982, with violating the terms of his probation.[1]
Appellant attended his ensuing February 2, 1982, arraignment hearing unaccompanied by counsel, even though appellant’s court file indicated that Attorney Richard Buckle had previously moved for reduction of appellant’s bond. The trial court accepted appellant’s plea of not guilty and scheduled a revocation hearing for February 22, 1982.
When neither appellant nor Attorney Buckle attended the scheduled revocation hearing, the state requested a three-day continuance in order that Attorney Mark Lipinski could be notified. According to the state’s records, Lipinski, and not Buckle, represented appellant.
On February 25, 1982, appellant appeared before the trial court unaccompanied by either Lipinski or Buckle. After questioning the state attorney as to whether Mr. Buckle still represented appellant, and being assured by appellant that Buckle, in fact, was still actively pursuing the case, the trial court continued the revocation hearing until March 8 and directed that appellant be given an opportunity to call Buckle from jail.
At the hearing on March 8, the trial judge informed appellant that the court’s personal inquiry had disclosed that Attorney Buckle no longer represented appellant; in light of this development, appellant would have to represent himself. Appellant protested that he was unable to defend himself, that he had been denied the use of the jail telephone to confirm Buckle’s representation, and that he had already contacted the public defender’s office. When appellant specifically stated, “Your Honor, I want someone to defend me,” the trial judge responded that appellant could not wait until the day of the trial to request representation by the public defender. The court admitted, however, that appellant would have received counsel had his request been timely.
The trial court then heard testimony regarding appellant’s asserted probation violations and ultimately adjudicated him guilty of the underlying offenses. At a subsequent sentencing hearing, at which appellant was represented by the public defender’s office, the court revoked appellant’s probation and sentenced him to ten years imprisonment for aggravated battery and five years concurrent imprisonment for witness tampering. Appellant received no credit for time previously served in jail as a special condition of his probation.
As this court has twice recently held, “an indigent probationer is entitled to counsel at a hearing involving revocation of probation as well as at the time of sentencing, absent valid waiver of right to counsel.” Mullins v. State, 438 So.2d 908 (Fla. 2d DCA 1983); Smith v. State, 427 So.2d 773, 774 (Fla. 2d DCA 1983). In Smith, we specifically declined to adopt the rule of Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), which accords counsel to an indigent probationer only when he denies having committed the alleged violation or when other substantially complicated reasons justify or mitigate a violation and make revocation inappropriate. See 427 So.2d at 774.
Although appellant was never adjudged indigent, his representation by the *723 public defender at sentencing necessarily indicates his indigency.[2] See § 27.51(2), Fla.Stat. (1981). Furthermore, appellant’s vigorous protest at the March 8 hearing regarding his lack of legal representation precludes any argument that appellant waived his right to counsel.
While we sympathize with the trial court’s reluctance to condone yet another continuance of appellant’s hearing, we conclude that the court erred in subjecting appellant to revocation of his probation without assistance of counsel. Accordingly, we reverse the finding of violation, the resulting probation revocation, and the ensuing judgments and sentences.
We also agree with appellant’s assertion that the trial court erred in revoking appellant’s probation on the witness tampering offense when no violation of probation was charged until January 15, 1982, well after appellant’s one-year probationary period for that offense had expired. See Gardner v. State, 412 So.2d 10 (Fla. 2d DCA 1980). Accordingly, appellant cannot be held to account for any asserted violation of his probation on that offense.
In light of our decision, it is unnecessary for us to consider appellant’s remaining point on appeal other than to state that appellant is entitled to credit for jail time served as a special condition of probation should appellant’s probation be revoked on remand. See State v. Jones, 327 So.2d 18 (Fla.1976).
We REVERSE the revocation of appellant’s probation and his resulting judgments and sentences and REMAND for proceedings consistent with this opinion.
GRIMES, A.C.J., and RYDER, J., concur.

. Although no charging document appears in the record on appeal, the transcript of appellant's arraignment hearing suggests that appellant’s alleged violations included leaving the county without his probation officer’s permission and shoplifting merchandise from Sears. The trial court’s order of revocation reflects that the affidavit setting forth these violations was dated January 15, 1982, and necessarily filed on or after that date.

. As noted earlier, the trial court itself admitted that Williams would have been entitled to repre-scntation by the public defender had he made what the trial court considered a timely request.