ON MOTION FOR REHEARING OR CLARIFICATION
ZEHMER, Judge.
The state has moved for rehearing or clarification of our opinion on the ground that our reliance on Young v. State, 399 So.2d 1082 (Fla. 1st DCA 1981), for the proposition that appellant Holmes was entitled to counsel at the hearing on revocation of his probation is inconsistent with the recent decision of this court in Sanderson v. State, 447 So.2d 374 (Fla. 1st DCA 1984) [9 FLW 575]. For the following reasons, we do not perceive any inconsistency between the two decisions.
In Sanderson v. State, supra, we stated that Young v. State should not be read as mandating the appointment of counsel at every probation revocation proceeding. Citing Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), we described the limits on the probationer’s constitutional right to counsel at such proceedings in the following language:
The Supreme Court in Gagnon stated that an indigent’s need for appointed counsel in probation revocation proceedings should be made on a case-by-case
*1073 basis. Certain factors guiding that determination are gleaned from the Gag-non opinion:
‘Presumptively, it may be said that counsel should be provided in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.’
411 U.S. 790, 93 S.Ct. at 1763.
447 So.2d 374, 9 FLW at 576. We noted in Sanderson that the petitioner had not requested appointment of counsel and been refused, but in fact had initiated a request to represent himself.
Some discussion of the rationale underlying the Supreme Court’s decision in Gag-non is appropriate for a fuller understanding of the reasons for our conclusion that Holmes was entitled to counsel at his probation revocation hearing. Justice Powell’s opinion in Gagnon characterizes the usual probation revocation proceeding as quasi-judicial in nature and observes that in many cases there is no need for counsel because the probationer has been convicted of committing another crime or admitted the charges, or evidence of mitigating circumstances explaining the violation is either unavailable or so simple as not to require investigation or exposition by counsel. Continuing, the court states:
The introduction of counsel into a revocation proceeding will alter significantly the nature of the proceeding. If counsel is provided for the probationer or parolee, the state in turn will normally provide its own counsel; lawyers, by training and disposition, are advocates and bound by professional duty to present all available evidence and arguments in support of their clients’ positions and to contest with vigor all adverse evidence and views. The role of the hearing body itself, aptly described in Morrissey as being ‘predictive and discretionary’ as well as fact-finding, may become more akin to that of a judge at a trial, and less attuned to the rehabilitative needs of the individual probationer or parolee. In the greater self-conciousness of its quasi-judicial role, the hearing body may be less tolerant of marginal deviant behavior and feel more pressure to reincarcerate rather than to continue nonpunitive rehabilitation.
411 U.S. at 787-88, 93 S.Ct. at 1762, 36 L.Ed.2d at 665.
Noting the substantial difference between a criminal trial and an ordinary probation revocation hearing, the Supreme Court elects to forego an arbitrary requirement that the state provide counsel for the probationer in every instance, preferring instead a ease-by-case approach to determining such need. Having characterized the purpose of probation as a means by which individuals may expeditiously be reintegrated into society as constructive persons, and having characterized the duty and attitude of a probation officer as principally concerned with the welfare of and reintegration into society of his client, as opposed to forceful conformance to a strict code of behavior, the court further observes:
In a revocation hearing ... the State is represented, not by a prosecutor, but by a parole officer with the orientation described above; formal procedures and rules of evidence are not employed; and the members of the hearing body are familiar with the problems and practice of probation or parole. The need for counsel at revocation hearings derives, not from the invariable attributes of those hearings, but rather from the peculiarities of particular eases.
[[Image here]]
Although the presence and participation of counsel will probably be both undesirable and constitutionally unnecessary in *1074 most revocation hearings, there will remain certain cases in which fundamental fairness — the touchstone of due process — will require that the State provide at its expense counsel for indigent probationers or parolees.
411 U.S. at 789-90, 93 S.Ct. 'at 1763, 36 L.Ed.2d at 665-66.
After stating the presumptive test we have quoted above, the court’s opinion concludes:
In passing on a request for the appointment of counsel, the responsible agency also should consider, especially in doubtful cases, whether the probationer appears to be capable of speaking effectively for himself. In every case in which a request for counsel at a preliminary or final hearing is refused, the grounds for refusal should be stated succinctly in the record.
411 U.S. at 790-91, 93 S.Ct. at 1763-64, 36 L.Ed.2d at 666-67.
Holmes, unlike appellant in Sanderson, specifically requested that court-appointed counsel represent him in the probation revocation proceeding. The trial court denied that request upon the finding that Holmes was not indigent. No other ground for refusing counsel was stated in the record. The revocation charges were tried before the judge in open court, with the prosecuting attorney presenting testimony from four witnesses to support the charges. Nothing in the record shows that Holmes appeared to be capable of speaking effectively for himself, especially in this trial-like adversarial proceeding. On the contrary, Holmes, a construction worker with no apparent legal training, attempted to cross-examine the state’s witnesses on several occasions in a woefully inadequate manner. The record also indicates that Holmes professed in a rather inartful way to have a reasonable basis for contesting the alleged violations and for justifying or mitigating the same so as to make revocation of probation inappropriate. We pointed out at the end of our original opinion that such matters might well have altered the result if properly presented by competent counsel.
As clarified herein, we adhere to our original opinion and deny the motion for rehearing.
MILLS and SHIVERS, JJ., concur.