DAUKSCH, Judge.
We review an Order adjudging Appellant in direct criminal contempt and reverse. The trial judge ordered the Appellant to give handwriting exemplars to the State for comparison purposes. This was an oral order later reduced to writing. The Order did not specify any time within which the Appellant was to furnish the exemplars, it did not specify a place to furnish the exemplars nor did it specify to whom the exemplars were to be furnished. It said: “The State’s Motion for Handwriting Exemplars is granted.” Also, the Motion did not specify to whom, where and when the exemplars were to be furnished. The Appellant made contact with Phil Sellers, the investigator for the State’s Attorneys’ office and discussed a time and place to furnish the exemplars. They were furnished before trial and on the day of trial. We are aware of no motion by the State to continue the trial nor are we aware of any demonstrated prejudice to the State on account of the Appellant and Mr. Sellers not attending to the matter before the day of trial. Because the Motion and Order did not fully set out what had to be done to comply and because Appellant did comply with the Order, albeit maybe not in the most timely fashion, we find the Defendant not to be in contempt. Additionally it is noted the trial court failed to comply with Fla.R.Crim.P. 3.830 in that a proper order was not entered. Because we determine the Appellant was not in contempt, and is to be discharged, we shall not discuss the correctly maintained points that if the Appellant did commit a contempt violation it was indirect criminal contempt and as such the trial court was required to give certain procedural rights to the Appellant. See Fla.R. Crim.P. 3.840 and Krueger v. State, 351 So.2d 47 (Fla. 3rd DCA opinion filed August 2, 1977).
ANSTEAD and MOORE, JJ., concur.