Willie Briscoe BROWN, Petitioner,

v.

Louis L. WAINWRIGHT, Respondent.

No. 75–252–Civ–J–S.

United States District Court,
M. D. Florida,
Jacksonville Division.

Oct. 12, 1978.

9. S.Rep.No.93–1183, 93d Cong., 2d Sess., *reprinted in* [1974] U.S.Code Cong. & Admin. News, pp. 6916, 6931.

10. 5 U.S.C. § 552a(d)(2)(A), (B) (1976).

Richard A. Belz, Florida Legal Services Prison Project, Gainesville, Fla., for petitioner.

Michael H. Davidson, Asst. Atty. Gen., Tallahassee, Fla., for respondent.

## OPINION

CHARLES R. SCOTT, Senior District Judge.

This case is before the Court on a petition for writ of habeas corpus challenging a state court conviction. In 1973, while incarcerated in the state prison, petitioner was charged and convicted of the offense of the possession of a weapon by a state prisoner. Petitioner argues that certain rulings of the trial court made during his trial were so fundamentally unfair that he was denied his right to a fair trial as guaranteed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Pursuant to Title 28 U.S.C. § 2254 this Court has jurisdiction.

Prior to trial, petitioner, through his attorney, filed a demand for discovery and inspection of evidence pursuant to Fla.R. Crim.P. 3.220. The State answered, listing four witnesses that would be called at trial and further stating that no tangible papers not belonging to petitioner would be used at trial. Under the same rule, the prosecution then made demand upon the petitioner for the witnesses that the defense intended to call. On the day trial commenced petitioner brought to defense counsel's attention the names of three witnesses that petitioner wished to use. Petitioner's defense counsel then notified the State and the court of this fact. Since the witnesses were at the courthouse, the defense counsel suggested that the prosecution interview them there in order to prepare for impeachment or rebuttal. Refusing to do so, the State moved to prohibit the testimony of the three witnesses on the ground that the defense's failure to comply with the reciprocal discovery rule severely prejudiced its case. Defense counsel informed the court that two of the witnesses' testimony would contradict the testimony of a state witness and the third witness would support the testimony of the petitioner. After making inquiry and hearing argument, the court ruled. Pursuant to the sanctions authorized by Fla.R.Crim.P. 3.220(j), the testimony was excluded from trial.

As the trial proceeded through the State's presentation of its case-in-chief, the State offered tangible evidence in the form of the papers showing the petitioner's commitment to the state institution. These commitment papers included a photograph of petitioner and a written description of him. The defense objected to the introduction of this evidence on the grounds that it had not been disclosed by prosecution's answer to defense's demand for discovery prior to trial. This objection was overruled by the court.

After the close of defendant's case, the State called a witness who had testified during the State's case-in-chief. The purpose of this testimony was to introduce another commitment paper which included a photograph of the petitioner at a later date. Defense counsel objected to the introduction of this evidence on the grounds that it was improper rebuttal. The court overruled the objection and admitted the exhibit into evidence.

The State then called an expert to testify concerning fingerprints of the defendant.

Defense counsel objected to the introduction of this testimony on the grounds that this witness' name had not been supplied to the defense during the pretrial discovery. This objection was overruled and the witness was permitted to testify.

Petitioner states his claims in two parts. The first claim is that the trial court committed prejudicial error in excluding the testimony of the three witnesses for the defense by imposing the exclusionary sanction of Fla.R.Crim.P. 3.220(j)(1). Secondly, petitioner claims that it was prejudicial error to permit the introduction of the commitment papers which were not listed in the pretrial discovery in the testimony of the expert witness on rebuttal. The gist of these claims is that the petitioner was denied a fair trial in that the sanctions authorized by Fla.R.Crim.P. 3.220(j) were not equally applied to the defense and the prosecution.

The State bases its argument on the fact that there is no constitutional right to pretrial discovery. *Palermo v. United States,* 360 U.S. 343, 353, 79 S.Ct. 1217, 1225, 3 L.Ed.2d 1287, 1296 (1959). The State argues that the petitioner brought the exclusionary sanction upon himself by not complying with the rules for pretrial discovery. While the State concedes that the failure to comply was due to the petitioner's action, rather than the attorney's, it feels that the sanction is necessary to prevent defendants from withholding the names of their witnesses until immediately prior to trial (as a delaying tactic). In regard to the petitioner's second claim, the State again contends that since there is no constitutional right to pretrial discovery, the court's ruling allowing the introduction of the State's tangible evidence and expert testimony cannot violate a federally protected right. In the view propounded by the State, the court's ruling excluding the petitioner's evidence, and the court's ruling allowing introduction of the State's evidence, must be seen as two separate and distinct items which cannot be analyzed in a tit-for-tat manner. The State would rather elevate the question to whether and to what extent the State may impose discovery sanctions against a criminal defendant which effectively bars the defendant from presenting any evidence on his behalf.

■ The Fourteenth Amendment's guarantee of due process includes the right to a fair trial. There is no test of fairness which can be mechanically applied to every situation. However, fairness is the "touchstone of due process." *Gagnon v. Scarpelli,* 411 U.S. 778, 790, 93 S.Ct. 1756, 1763, 36 L.Ed.2d 656, 666 (1973). No case has been found that squarely sets guidelines for the degree of fairness required. Reasoning found in other areas of criminal pretrial discovery, however, can be useful.

In *Williams v. Florida,* 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970), the constitutionality of Florida's notice-of-alibi statute was tested. There the defendant argued that the notice-of-alibi rule, requiring him to disclose his alibi witnesses, violated his Fifth and Fourteenth Amendment protection against self-incrimination and his due process right to a fair trial. The court held that the rule did not make self-incrimination compulsory because the defendant was still free to choose whether to place alibi witnesses on the stand or to proceed with another defense. Moreover, the court held that the discovery permitted the State against the petitioner did not deprive him of due process or a fair trial because Florida law provided for liberal discovery by the defendant against the State. This reciprocity of disclosure adequately insured that the defendant, as well as the prosecution, would have ample opportunity to prepare for trial. The court however emphasized that the holding of the case did not involve the validity of the exclusionary sanction authorized in the Florida rule. 399 U.S. at 83 n. 14, 90 S.Ct. at 1897 n. 14, 26 L.Ed.2d at 451 n. 14. This element of reciprocity was revisited in the case of *Wardius v. Oregon,* 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973). There it was held that the Due Process Clause of the Fourteenth Amendment forbids enforcement of a notice-of-alibi rule unless, on its face, reciprocal discovery rights are given to the defendant. In strik-

ing down the Oregon notice-of-alibi statute for being in violation of the Due Process Clause of the Fourteenth Amendment, the court said

> Although the Due Process Clause has little to say regarding the amount of discovery which the parties must be afforded, . . . it does speak to the balance of forces between the accused and his accusor. *Id.* at 474, 93 S.Ct. at 2212, 37 L.Ed.2d at 87.

■■ The rationale of these two decisions is clearly discernible: unequal access to opposing parties' information prior to trial may deprive a defendant of a fair trial. This requirement should be no less stringent in regard to presentation of evidence during trial. In the present case, the effect of the trial court's imposition of the exclusionary sanction against the petitioner denied him the opportunity to present evidence in his behalf. Standing alone, this sanction may or may not be deprivation of the constitutional right. *Williams v. Florida, supra.* However, in light of the trial court's corresponding ruling on the admissibility of the State's evidence, which likewise was not disclosed in response to the demand for discovery, the fairness of the trial on the whole is in grave doubt. If the exclusionary sanction had been equally applied to both the State and the petitioner, it would be a different question. But the lopsided application of such a severe sanction in a situation where a defendant's life or liberty is at stake should not go unchallenged.

Whether the exclusionary sanction for non-compliance with pretrial discovery rules should ever be imposed on a criminal defendant is questioned by the American Bar Association and the National Conference of Commissioners on uniform state laws. In the ABA's *Criminal Justice Standard Relating to Discovery and Procedure Before Trial* (approved draft, 1970) the following statement was made concerning the exclusionary sanction authorized by Fed.R. Crim.P. 16(g) [now Rule 16(d)(2)]:

> [T]here would be difficulties in applying it against accused persons, and unfairness if the sanction was applied only against the prosecution. The committee's general view, moreover, was that the court should seek to apply sanctions which affect the evidence at trial and the merits of the case as little as possible, since these standards are designed to implement, not to impede, fair and speedy determinations of cases. Standards § 4.7, *Sanctions,* Commentary.

In the National Conference of Commissioners' promulgation of Recommended Rules of Criminal Procedure, a similar position was taken concerning imposition of the exclusionary sanction against criminal defendants. The comment to Rule 423(c), Uniform Rules of Criminal Procedure (approved draft, 1974) states:

> Even a provision such as "if the failure was deliberate and the nondisclosure substantially prejudices the prosecution's ability to refute the evidence, prohibiting the defendant from introducing undisclosed evidence or testimony of undisclosed witnesses," seems inappropriate because it may result in punishing the defendant by conviction of the substantive offense for what was really only his lawyer's default, and because even if the defendant were responsible for the nondisclosure, he might not have anticipated this severe a sanction.

While it must be reemphasized, the Court is not deciding whether the imposition of the exclusionary sanction against a defendant for failing to comply with pretrial discovery rules is itself constitutional, the above recommendations lend support to the position that an imbalance in the application of the exclusionary rule may give rise to deprivation of due process and a fair trial.

It should be noted that Fla.R.Crim.P. 3.220(j) provides for other sanctions less severe than an exclusion; namely, the trial court may grant a continuance. The record of the trial court conviction indicates that counsel for petitioner, upon discovering the existence of the three witnesses, suggested that a continuance be granted in order to allow the prosecution to interview the witnesses and prepare for rebuttal and/or impeachment. Since the witnesses were

available at the courthouse and it was probable that the trial could continue until the next day, the prosecution could have had an opportunity to adequately prepare without an undue delay of the trial.

Included in the Due Process Clause of the Fourteenth Amendment to the United States Constitution is the right of a criminal defendant to a fair trial. *Gagnon v. Scarpelli,* supra. The element of fundamental fairness evades precise definition. The facts of each particular case must be examined in determining whether a criminal defendant's trial was conducted in accordance with the mandates of the Constitution. In the present case, both prosecution and petitioner were remiss in complying with the pretrial discovery rules under Florida's Rules of Criminal Procedure. The trial court imposed the exclusionary sanction on the petitioner's evidence while admitting *all* the prosecution's evidence which had not been disclosed prior to trial. Neither of these rulings alone would necessarily deprive petitioner of a fair trial. However, the totality and the effect of these rulings denied the petitioner the type of trial guaranteed by the Constitution.

Therefore, the Court holds that petitioner was denied a fair trial as required by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Accordingly, a writ of habeas corpus will issue commanding the release of petitioner from custody by reason of the sentence imposed upon him in the case of *State of Florida v. Willie B. Brown,* unless within sixty days from the date of this order the State of Florida accords petitioner a new trial and all attendant rights.