399 So.2d 1086 (1981)
Claude Edward BILLIONS, Appellant,
v.
STATE of Florida, Appellee.
No. WW-17.
District Court of Appeal of Florida, First District.
June 22, 1981.
*1087 Michael Allen, Public Defender, and Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen. and Carolyn Snurkowski, Asst. Atty. Gen., for appellee.
PER CURIAM.
The appellant presents the following points on this appeal: (1) that the trial court erred by failing to make a sufficient inquiry into his decision to represent himself and waive his right to counsel at trial; (2) that the trial court erred by adjudicating him guilty and sentencing him without first renewing an offer of assistance of counsel; and (3) that the trial court erred by adjudicating him guilty of using a firearm during the commission of a felony. We affirm as to the first issue; however, we find merit in the latter two arguments.
Before his trial, the appellant was offered the assistance of counsel, and this offer was refused. We have determined that the court made an adequate inquiry regarding this voluntary decision by the appellant. After this decision was made, the appellant was tried on four counts of an information. Count I alleged that the appellant kidnapped an individual for ransom, and in the course of this offense utilized a firearm, contrary to §§ 775.087 and 787.01, Fla. Stat. (1979). Counts II and III charged the appellant with the same offenses perpetrated upon two other individuals. The fourth count charged the appellant with using a firearm during the commission of a felony. See § 790.07(2), Fla. Stat. (1979). A jury returned verdicts finding the appellant guilty of Counts I and IV as charged. As to Counts II and III, the jury found the appellant guilty of kidnapping for ransom without the use of a weapon or firearm. At a separate sentencing proceeding at which the trial court did not renew the offer of assistance of counsel, the appellant was adjudicated guilty of all four offenses but was not sentenced on Count IV.
Fla.R.Crim.P. 3.111(d) provides in part that:
(1) The failure of a defendant to request appointment of counsel or his announced intention to plead guilty shall not, in itself, constitute a waiver of counsel at any stage of the proceedings.
* * * * * *
(5) If a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the trial court at each subsequent stage of the proceedings at which the defendant appears without counsel. (emphasis supplied)
At the sentencing hearing, the trial court did not inquire as to whether the defendant desired counsel. Since the preceding language clearly mandates that the trial court renew its offer to appoint counsel at the sentencing stage of the trial, we are compelled to vacate the sentences imposed and remand this cause to the trial court for resentencing, prior to which an offer of assistance of counsel shall be made by the trial judge.
Further, since Count IV of the information is clearly a lesser-included offense of Count I (see Brown v. State, 206 So.2d 377 (Fla. 1968); § 775.021(4), Fla. Stat.), double jeopardy considerations prevent the appellant from being adjudged guilty of, or being sentenced for, Count IV. See Hegstrom v. State, 388 So.2d 1308 (Fla.3d DCA 1980), review granted (Case No. 59,893 (Fla. 1981); State v. Pinder, 375 So.2d 836 (Fla. 1979). Whether an act constitutes two separates offenses or only one offense is a question governed by the formula articulated in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932):

*1088 The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.
284 U.S. at 304, 52 S.Ct. at 182, 76 L.Ed. at 309. Accord, Albernaz v. United States, ___ U.S. ___, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981). Under the Blockburger test, the lesser-included offense must fall because it is encompassed in and does not require proof of any fact which was not also required to establish the elements of Count I. Accordingly, we vacate the adjudication of guilt for Count IV.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED for proceedings consistent with this opinion.
ERVIN and THOMPSON, JJ., and OWEN, WILLIAM C., Jr. (Retired), Associate Judge, concur.