406 So.2d 1271 (1981)
Frank J. BARANKO, Appellant,
v.
STATE of Florida, Appellee.
No. UU-194.
District Court of Appeal of Florida, First District.
December 9, 1981.
Michael Allen, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Gregory C. Smith, Asst. Atty. Gen., for appellee.
PER CURIAM.
Baranko appeals the judgment and sentences imposed after a jury found him guilty of threatening a public official and making a written threat to kill. He raises three points for our consideration.
First, appellant contends that there was an insufficient inquiry by the trial court as to appellant's ability to adequately represent himself at trial. We disagree. Although the court's formal inquiry concerning appellant's ability to represent himself was minimal, we note that there was substantial evidence before the court indicating appellant had such ability. There were numerous pleadings in the case filed by appellant which reflected appellant's familiarity with the legal process. At the hearing on the defendant's request to represent himself and the public defender's motion to withdraw, appellant was articulate *1272 and persuasive in arguing for his right of self representation. Appellant is an intelligent and educated man with two years of college. In light of these facts we cannot say that the court's inquiry, which dealt primarily with the voluntariness of appellant's decision, was insufficient.
Appellant next argues that the trial court erred in ruling that the state need not comply with appellant's demands for discovery until appellant produced a handwriting exemplar. Although this may be considered an unusual sanction for an accused's failure to comply with an order under Rule 3.220(b)(1)(vii) to provide a specimen of his handwriting, we do not find that it was inappropriate under the circumstances, nor disproportionate to the conduct that caused the sanction to be invoked in the first instance. Because of the appellant's refusal to comply with the discovery order of the court, it became necessary for the state to produce an additional witness, an inmate counselor, not previously disclosed to appellant. The state was also required to introduce ten non-disclosed documents previously notarized by the inmate counselor and identified by him as having been written by appellant, in order to provide documents for comparison by the state's handwriting expert. Appellant points to no other undisclosed witness or evidence presented by the state.
We agree with appellant's contention that contempt is a proper remedy for enforcement of discovery. Cf. Brooks v. State, 350 So.2d 517 (Fla. 4th DCA 1977). It may even be the preferred remedy, since its use would not entail any possible Sixth Amendment violations. Cf. Brown v. Wainwright, 459 F. Supp. 244 (M.D.Fla. 1978). However, contempt is not the only remedy available to enforce discovery, and there may be circumstances (such as where the accused is already incarcerated on another charge, as here) under which contempt would be ineffective to secure compliance. Rule 3.220(j)(1), Florida Rules of Criminal Procedure, provides specific methods for enforcement, i.e. the court may order compliance, grant a continuance, grant a mistrial, prohibit the party from calling a witness not disclosed or introducing into evidence the material not disclosed, or, "enter such other order as it deems just under the circumstances." This rule is more specific than its predecessor, and vests broader discretion in the trial judge than ABA Standard 4.7, from which it was patterned. See Author's Comment, Rule 3.220, Florida Rules of Criminal Procedure, 33 Florida Statutes Annotated 412 (1975).
We find without merit appellant's contention that the state "did not need" the handwriting exemplars requested, since it found a ready substitute in the ten documents introduced. We find no merit either in appellant's contention that the exemplars were not needed since there were abundant handwritten pleadings in the court file which appellant had acknowledged as his. In fact, from these arguments we are further convinced that no abuse of discretion had been shown, nor has it been shown that the court's order resulted in harm or prejudice to appellant. See Richardson v. State, 246 So.2d 771 (Fla. 1971).
Finally, appellant contends that the court erred in sentencing appellant without reinquiring into appellant's desire to waive counsel and represent himself at the sentencing proceeding. We agree that it was error to fail to renew the offer of assistance of counsel at the sentencing hearing. Rule 3.111(d)(5), Florida Rules of Criminal Procedure; Billions v. State, 399 So.2d 1086 (Fla. 1st DCA 1981).
The judgment of conviction on each charge is affirmed. However, the sentences are vacated and the cause is remanded for resentencing.
BOOTH, LARRY G. SMITH and SHIVERS, JJ., concur.