BOARDMAN, Acting Chief Judge.
Douglas L. James appeals his convictions and sentences on the ground that he did not voluntarily and intelligently waive his right to counsel at his trial or at sentencing. We affirm the convictions but reverse the sentences.
Although appellant contends that the trial court’s inquiry as to his ability to adequately represent himself at trial was insufficient, we conclude that the substantial evidence before the trial court was sufficient to establish that appellant’s waiver of his right to counsel was voluntary and intelligent under Cappetta v. State, 204 So.2d 913 (Fla. 4th DCA), reversed on other grounds, 216 So.2d 749 (Fla.1968), cert. denied, 394 U.S. 1008, 89 S.Ct. 1610, 22 L.Ed.2d 787 (1969); Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); and Florida Rule of Criminal Procedure 3.111(d).
*707 At the hearing on appellant’s motion to waive counsel, held over two weeks prior to the trial, the trial court informed appellant several times of the dangers of representing himself without an attorney. However, appellant responded that he would rather represent himself despite the risks. Prior to the hearing, the trial court had received several handwritten letters and motions written by appellant which demonstrated that he was fairly intelligent and reflected his familiarity with the legal process. We hold that the trial court acted properly in granting appellant’s motion to waive counsel. Baranko v. State, 406 So.2d 1271 (Fla. 1st DCA 1981). Appellant’s convictions are therefore affirmed.
The sentences, however, must be vacated since the trial court failed to inquire at sentencing whether appellant desired counsel at that point. A trial court has a duty to inform a defendant of his right to counsel at each critical stage of the criminal proceeding, Fla.R.Crim.P. 3.111(d)(5), which includes the sentencing stage, and it was error to fail to renew the offer of assistance of counsel at the sentencing hearing. Win-gard v. State, 200 So.2d 630 (Fla. 2d DCA 1967); Billions v. State, 399 So.2d 1086 (Fla. 1st DCA 1981).
Accordingly, appellant’s convictions are affirmed, but his sentences are remanded for resentencing, at which appellant is entitled to legal representation unless he affirmatively, voluntarily, and intelligently waives that right. Appellant must be present at resentencing.
GRIMES and DANAHY, JJ., concur.