NIMMONS, Judge.
Perry, an inmate in the State corrections system, was charged with various offenses arising out of an altercation with certain corrections officers at the Florida State Prison in Bradford County. He was tried and convicted of aggravated battery, battery and possession of contraband by an inmate. He asserts several grounds for reversal. We need only address his point claiming error by reason of the denial of his motion for discharge under the Speedy Trial Rule inasmuch as we agree that it was error to deny the motion.
The information was filed on June 14, 1982. Defense counsel filed a demand for speedy trial on July 26, 1982, pursuant to Fla.R.Crim.P. 3.191(a)(2). Perry was not brought to trial within 60 days thereafter as required by the Rule, and on September 28, 1982, defense counsel filed a motion for discharge pursuant to Fla.R.Crim.P. 3.191(d)(1).
Although the trial judge preliminarily announced his intention to grant the motion, he was persuaded otherwise by the prosecuting attorney who advanced the additional argument that the motion should be denied on the basis that there was an undis-posed of pro se motion which Perry had previously filed in which motion Perry sought discharge under the Speedy Trial Rule predicated upon an earlier pro se demand for speedy trial filed by Perry prior to the filing of the information. The State asserts, as it did in the trial court, the novel proposition that since the defense attorney, upon his appointment to represent Perry, had filed a document purporting to adopt any pro se motions previously filed by Perry and since Perry’s pro se motion for discharge had never been heard, Perry must, therefore, be deemed not ready for trial when his attorney filed the July 26, 1982, demand for speedy trial, thus rendering that demand a nullity.
The State relies upon the line of cases which hold that a demand for speedy trial may be disregarded where the defendant’s actions and conduct belie his implicit claim in his demand that he is ready for trial. See State ex rel Ranalli v. Johnson, 277 So.2d 24 (Fla.1973) (demand for speedy trial held spurious where motion to dismiss filed two weeks later alleged insufficient information to prepare defense); Turner v. State ex rel. Pellerin, 272 So.2d 129 (Fla. 1973) (demand for speedy trial held ineffective where it was followed by motion to compel certain witnesses to give depositions and motion to compel disclosure of favorable evidence); State v. Wright, 389 So.2d 289 (Fla. 3rd DCA 1980) (defendant sought continuance after filing demand for speedy trial); State v. Kaufman, 421 So.2d 776 (Fla. 5th DCA 1982) (defendant filed demand for discovery and scheduled depositions after filing demand for speedy trial).[1] The above cases relied upon by the State are soundly premised. They are also pat *428 ently distinguishable from the case sub ju-dice.
There is nothing in the record of this case, as there was in each of the above cases, suggesting actions or conduct on the part of the defendant belying the genuineness of his July 26,1982, demand for speedy trial. Of significance to us is the case of State v. Embry, 322 So.2d 515, 516 (Fla. 1975). Eleven days after filing a demand for speedy trial, the defendant filed a motion to suppress. The trial court, regarding the defendant’s motion as inconsistent with a bona fide demand for speedy trial, struck the demand as spurious. The Supreme Court held that the trial court erred, noting that,
[T]he mere filing of a motion to suppress is not tantamount to a finding of law that the speedy trial demander does not have a bona fide desire to obtain trial, that he is not prepared for trial. [322 So.2d at 518]
The fact that the defendant's pro se motion for discharge (based upon his prior pro se demand for speedy trial) was never called up for hearing does not, in any manner, impeach the genuineness of defense counsel’s subsequent demand for speedy trial upon which the subject motion for discharge was based. Perry clearly was entitled to be brought to trial within 60 days of the filing of the subject demand. In default thereof the Speedy Trial Rule requires the defendant’s discharge.
Accordingly, the judgment is reversed and remanded with directions to vacate and set aside the judgments and sentences and enter an order of discharge.
REVERSED AND REMANDED.
ROBERT P. SMITH, Jr., and SHIVERS, JJ., concur.

. See also Fla.R.Crim.P. 3.191(c) which provides, in part, that a demand for speedy trial is a representation that the defendant can be prepared for trial within five days from the date of demand.