OTT, Chief Judge.
Stephen Francis Gurchick appeals the trial court’s summary denial of his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850.[1]
In point one of the motion, appellant alleged that he was sentenced without legal counsel present and without an effective waiver of his right to counsel.
A review of the sentencing transcript reveals the following conversation between the court and appellant:
THE COURT: You are here for sentencing today, Mr. Gurchick. Your attorney is not here. Do you want him here?
THE DEFENDANT: I don’t believe it would affect it, Your Honor.
Appellant’s sentence must be vacated, because the trial court failed to advise appellant of his right to counsel at this critical stage of the criminal proceeding and failed to ascertain whether the implicit waiver of counsel was knowing and intelligent. See Williams v. State, 427 So.2d 768 (Fla. 2d DCA 1988); James v. State, 428 So.2d 706 (Fla. 2d DCA 1983); Mullins v. State, 438 So.2d 908 (Fla. 2d DCA 1983); Morgano v. State, 439 So.2d 924 (Fla. 2d DCA 1983).
The record discloses that the two' remaining allegations of error in appellant’s motion are without merit. Accordingly, we VACATE appellant’s sentence and REMAND for resentencing. Therefore, appellant is entitled to be represented by legal counsel unless he affirmatively, voluntarily, and intelligently waives the right.
RYDER and LEHAN, JJ., concur.

. In Gurchick v. State, 428 So.2d 738 (Fla. 2d DCA 1983), this court reversed the trial court’s summary denial of appellant’s motion, based on the trial court’s failure to conduct an eviden-tiary hearing or attach relevant portions of the record which refuted the allegations contained in the motion. On remand, the trial court summarily denied appellant’s motion for postcon-viction relief and attached relevant portions of the record to the order.