JOANOS, Judge.
In this appeal of a judgment and sentence for grand theft, appellant contends the trial court committed reversible error in two respects: (1) by failing to make a sufficient and proper inquiry when defendant sought self-representation and waiver of his right to counsel at trial, and (2) by convicting and sentencing defendant without informing him of his right to counsel and without securing a waiver of counsel. We agree on both points and reverse.
On the day of trial, Mr. Murrell, an assistant public defender, was scheduled to represent appellant. During jury selection, Mr. Murrell informed the judge that he and appellant disagreed on who should serve on the jury. Appellant wanted to excuse several prospective jurors, but Mr. Murrell took the position that counsel should make that decision, and if appellant wanted to conduct his own case, he would like to withdraw as appellant’s attorney. The judge told appellant that if he wanted to pick his own jury, Mr. Murrell would be permitted to withdraw and appellant could go to trial without a lawyer, but that a person who represents himself normally represents a fool. Further, the judge informed appellant that he had the right to represent himself, and he would not require Mr. Mur-rell to represent appellant if appellant had no confidence in his ability to do so. At one point the judge asked appellant if he felt competent to conduct the case, although appellant’s response did not answer the question. The judge then told appellant to make his decision, and noted that he did not know the nature of appellant’s history. After a brief discussion of why appellant did not think Mr. Murrell had picked a good jury, the judge told appellant to talk with his lawyer for a few minutes and make his decision. After a recess, appellant announced that he would represent himself. Mr. Murrell was permitted to stay in order to answer questions, but the court said, “We are not going to dwell on this case with having you ask Mr. Murrell every time you ask a question,” and he informed appellant he would be held to the rules of criminal procedure.
This exchange does not satisfy the requirement of an inquiry to demonstrate on the record that appellant’s decision was intelligently and voluntarily made. When a defendant indicates a desire to represent himself, the trial court has a duty
to make the defendant aware of the benefits he must relinquish, and the dangers and disadvantages of self-representation. Thereafter the trial court must determine whether defendant has made his choice voluntarily and intelligently. We have further held that the trial court should determine whether unusual circumstances exist which would cause the accused to be deprived of a fair trial if permitted to conduct his own defense, and that the purpose of such inquiries, such as the accused’s age, mental derangement, lack of knowledge, education or inexperience in criminal proceedings, is to make certain that defendant is aware of the disad *62 vantage under which he is placing himself by waiving counsel.
Keene v. State, 420 So.2d 908, 910 (Fla. 1st DCA 1982). See also Costello v. Carlisle, 413 So.2d 834 (Fla. 1st DCA 1982); Robinson v. State, 368 So.2d 674 (Fla. 1st DCA 1979); Ausby v. State, 358 So.2d 562 (Fla. 1st DCA 1978).
The record of proceedings before the trial court at the time the decision was made to permit appellant to represent himself contains no information as to appellant’s age, mental status, lack of knowledge, education or experience in criminal proceedings from which the conclusion can be drawn that appellant’s decision was intelligent and voluntary. The statements to appellant that only a fool represents himself and he would be held to the rules of criminal procedure do not adequately demonstrate that appellant made his decision with his eyes open as required by Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), with which we must comply. See Ausby, supra. Therefore, we reverse and remand for a new trial.
Appellant also argues the trial court erred in failing to renew the offer of assistance of counsel at the sentencing proceeding. We agree. See Fla.R.Crim.P. 3.111(d)(1), (5); Baranko v. State, 406 So.2d 1271 (Fla. 1st DCA 1981); and Billions v. State, 399 So.2d 1086 (Fla. 1st DCA 1981).
REVERSED and REMANDED for a new trial.
LARRY G. SMITH, J., concurs.
WENTWORTH, J., dissents without opinion.