444 So.2d 542 (1984)
Charles Elton SMITH, Appellant,
v.
STATE of Florida, Appellee.
Nos. AO-388, AP-96.
District Court of Appeal of Florida, First District.
January 25, 1984.
*543 Michael Allen, Public Defender, and Douglas Brinkmeyer, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Richard Patterson, Asst. Atty. Gen., for appellee.
NIMMONS, Judge.
This case involves the trial court's discharge, at the defendant's request, of his court-appointed attorney resulting in the defendant's representation of himself at trial on charges of attempted armed robbery (with firearm). We reverse on the grounds that the trial court did not make the requisite inquiry regarding self-representation by the defendant.
At arraignment on September 13, 1982, the defendant expressed displeasure with the representation by the public defender who had been appointed to represent him and asked that the court appoint another lawyer to represent him. The judge handling the arraignment advised the defendant to confer further with his public defender and that if he still wished to pursue his request that another attorney be appointed, *544 he could take that up later with the judge to whom the case was assigned for trial. Inasmuch as a demand for speedy trial was filed, the case was set for trial for September 30.
The public defender representing the defendant filed a motion to withdraw due to disagreements which had developed over the handling of the defendant's representation including the difficulty in preparing for trial imposed as a result of the defendant's refusal to withdraw the demand for speedy trial which the defendant himself had filed a week before the information was filed.
The motion to withdraw was heard in pretrial proceedings before the trial court on September 24 and 28, 1983. The defendant told the trial judge that he was dissatisfied with the public defender, that he did not want the public defender to represent him and that he wanted the court to appoint private counsel for him. The defendant also told the court that he did not want to represent himself, that he was not capable of doing so.
During these proceedings, the learned trial judge, with characteristic patience, gave the defendant every opportunity to articulate the alleged shortcomings of the public defender's efforts in representing the defendant. The trial judge recognized that appointment of new counsel would be inappropriate unless there was sufficient cause to discharge or relieve his attorney. The judge concluded, and rightly so, that the public defender had properly gone about the task of representing the defendant in the limited time frame imposed by the demand for speedy trial and that there were no grounds entitling the defendant to the appointment of new counsel.
The judge explained to the defendant the constraints he was placing on his attorney by refusing to withdraw his demand for speedy trial because discovery had not been completed. The judge told the defendant that if he insisted on going to trial on September 30, he would have to represent himself and that if he wanted effective assistance of counsel, he should withdraw his demand for speedy trial and allow adequate time for preparation of his case. Although the judge stated that he could strike the demand for speedy trial on the basis that the defendant's attorney had not filed the demand, nothing further was said or done about that. The defendant stated that he would not withdraw his demand and would go to trial on September 30 but did not wish to represent himself. The court announced that the case would be tried on the 30th, that the defendant would have to represent himself and that the court would not require the public defender to sit with the defendant while he conducted his own defense.
On September 30, prior to commencement of the trial, there was a further colloquy between the court and the defendant in which the court inquired as to whether the defendant still wished to proceed to trial representing himself. The defendant responded that he never said that he wanted to represent himself. The case proceeded to trial with the defendant representing himself. The jury returned a verdict of guilty of armed robbery as charged in the information.
The defendant was sentenced on October 4, 1983, to a 15-year term of incarceration. No renewal of the offer of counsel by the court was made for the sentencing stage of the proceedings.
When a defendant moves the court to discharge his court-appointed attorney and to replace him with another appointed attorney, the trial court should first determine whether adequate grounds exist for replacement of the defendant's attorney with new counsel. Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973). The trial judge in the instant case inquired at length into the defendant's complaints regarding his attorney's representation of him. The judge properly found that the defendant had no legitimate complaint. The judge was then required to advise the defendant that the result of granting the defendant's request to discharge his attorney would leave the defendant unrepresented. *545 The appellant was clearly and repeatedly so advised by the trial judge.
After being so advised, where a defendant continues to persist in demanding that his appointed attorney be discharged, as did the appellant, the situation is tantamount to that which exists when a defendant seeks to represent himself. Tucker v. State, 440 So.2d 60 (Fla. 1st DCA 1983); Keene v. State, 420 So.2d 908 (Fla. 1st DCA 1982), rev. denied 430 So.2d 452 (Fla. 1983); Williams v. State, 427 So.2d 768 (Fla. 2nd DCA 1983); cf. Mitchell v. State, 407 So.2d 1005 (Fla. 5th DCA 1981).
Fla.R.Cr.P. 3.111(d) sets forth procedures governing waiver of counsel by a defendant. The rule provides, in pertinent part:
(2) A defendant shall not be deemed to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry into accused's comprehension of that offer and his capacity to make that choice intelligently and understandingly has been made.
(3) No waiver shall be accepted where it appears that the defendant is unable to make an intelligent and understanding choice because of his mental condition, age, education, experience, the nature or complexity of the case, or other factors.
Also, in Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the Court stated:
[I]n order to represent himself, the accused must "knowingly and intelligently" forego those relinquished benefits. Johnson v. Zerbst, 304 U.S. 458, at 464-465, 58 S.Ct. [1019], at 1023 [82 L.Ed. 1461]. Cf. Von Moltke v. Gillies, 332 U.S. 708, 723-724, 68 S.Ct. 316, 323, 92 L.Ed. 309 (plurality opinion of Black, J.). Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that "he knows what he is doing and his choice is made with eyes open." Adams v. United States ex rel. McCann, 317 U.S. 269, at 279, 63 S.Ct. [236], at 242 [87 L.Ed. 268].
[95 S.Ct. at 2541]
It was, therefore, incumbent upon the trial court, when the defendant persisted in his demand that his attorney be discharged, to make adequate inquiry to determine whether the defendant was knowingly and intelligently waiving his constitutional right.
In construing the requirements of the above rule and Faretta, we have held that, before a defendant will be permitted to represent himself, the trial court will be required
to make the defendant aware of the benefits he must relinquish, and the dangers and disadvantages of self-representation. Thereafter the trial court must determine whether defendant has made his choice voluntarily and intelligently. We have further held that the trial court should determine whether unusual circumstances exist which would cause the accused to be deprived of a fair trial if permitted to conduct his own defense, and that the purpose of such inquiries, such as the accused's age, mental derangement, lack of knowledge, education or inexperience in criminal proceedings, is to make certain that defendant is aware of the disadvantage under which he is placing himself by waiving counsel.
Keene v. State, supra at 910; see also Tucker v. State, supra, Costello v. Carlisle, 413 So.2d 834 (Fla. 1st DCA 1982); Robinson v. State, 368 So.2d 674 (Fla. 1st DCA 1979); Ausby v. State, 358 So.2d 562 (Fla. 1st DCA 1978); Kimble v. State, 429 So.2d 1369 (Fla. 3rd DCA 1983).
In the instant case, the trial court, although inquiring at length concerning whether grounds existed for replacing the defendant's appointed counsel and impressing upon the defendant that neither he nor any attorney could be prepared for trial within the abbreviated period imposed by the defendant's demand for speedy trial, did not make inquiry into the defendant's *546 ability to knowingly and intelligently make the choice of self-representation. More specifically, the court did not inquire into the defendant's age, mental status, lack of knowledge, education or experience in criminal proceedings. We have closely examined the record of the trial court proceedings and have found little, if any, of the kind of inquiry required by the above authorities. The closest the trial court came to touching upon the factors to be covered in such inquiry occurred toward the conclusion of the hearing on September 28:
I'm satisfied that you're an articulate enough young man. I don't know how experienced you are in criminal proceedings. I don't know how experienced you are in the substantive law, procedural law, how a trial is conducted, Maybe you know  maybe you have more experience in that than I know anything about.
* * * * * *
But, I can tell you this is not in your best interest. So, I'm not going to require Ms. Cocheu or any other lawyer to sit here with you while you conduct your own defense.
This was not adequate to meet the requirements of the above authorities.
Although we can speculate that this obviously difficult defendant would have continued to insist upon the discharge of his appointed counsel even after the additional inquiry contemplated above, we may not indulge in such speculation and are not free to excuse this deficiency. Absent the requisite inquiry and an appropriate finding based upon such inquiry that the defendant should be permitted to represent himself, the public defender should not have been discharged even though counsel's task might have been unpleasant. See Mitchell v. State, supra.
The state asserts that an exception should be made because of the untenable situation in which the state says the court was placed by reason of the defendant's demand for speedy trial coupled with his desire to fire his lawyer and have the court appoint a new one. The trial judge, on several occasions, stated that he had no intention of requiring his attorney, or any other attorney, to represent the defendant at trial as long as the defendant refused to withdraw his demand for speedy trial because there was no way for an attorney to be ready for trial in a serious case such as this within the limited time frame dictated by the demand. But the fact is that neither the court nor the state was "under the gun" by reason of the defendant's demand for speedy trial. For various reasons, the court was at liberty to disregard the defendant's demand.
In the first place, the defendant's pro se demand was filed a week before the information was filed. A demand for speedy trial filed prior to the filing of an information is a nullity. State v. Gravlee, 276 So.2d 480 (Fla. 1973); State ex rel Hanks v. Goodman, 253 So.2d 129 (Fla. 1971); State v. Humphrey, 363 So.2d 392 (Fla. 1st DCA 1978); State v. Branam, 434 So.2d 950 (Fla. 2nd DCA 1983).
Even if the demand for speedy trial had been filed subsequent to the filing of the information, it is abundantly clear from the public defender's motion to withdraw and the above referred proceedings before the trial judge that the defendant was not, in fact, prepared for trial. A demand for speedy trial is not to be filed unless the defendant has a bona fide desire for a speedy trial, and the demand is a representation by the defendant that he is available for trial, has diligently investigated his case, and that he is prepared or will be prepared for trial within five days. Fla. R.Cr.P. 3.191(c). Unfortunately, there are those defendants who, although having no interest in a trial on the merits, speedy or otherwise, would use the demand for speedy trial as a gimmick with the hope of creating confusion which might result in discharge or other favorable disposition short of trial. We must be vigilant to assure that this procedural right is not abused in that fashion. A defendant will not be permitted to control the court's docket by filing spurious demands for speedy trial for which he is not, in fact, *547 prepared. State ex rel Hanks v. Goodman, supra. If he has not diligently investigated his case and is not prepared for trial, the demand should be stricken as a nullity. State v. Kaufman, 421 So.2d 776 (Fla. 5th DCA 1982); see also Fla.R.Cr.P. 3.191(d) "Availability for Trial."
The court could have disregarded the demand for speedy trial on still another basis, one in which the trial judge alluded to as previously noted in this opinion. Before the public defender was finally discharged on the day of trial, the defendant was represented by counsel. The defendant had no right to act as co-counsel with his attorney, Goode v. State, 365 So.2d 381 (Fla. 1978), cert. denied, 441 U.S. 967, 99 S.Ct. 2419, 60 L.Ed.2d 1074 (1979), including the right to file separate motions and pleadings, Sheppard v. State, 391 So.2d 346 (Fla. 5th DCA 1980). There is no reason why our system must tolerate dual pleadings filed by both the defendant's attorney and the defendant himself. Unless counsel moves to "adopt" his client's pleadings or motions, e.g. Perry v. State, 436 So.2d 426 (Fla. 1st DCA 1983), such filings should be treated as nullities.
The appellant also asserts that the trial court erred in failing to renew the offer of assistance of counsel at the sentencing stage. We agree. Fla.R.Cr.P. 3.111(d)(5) provides:
(5) If a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the defendant appears without counsel.
See also Tucker v. State, supra; Baranko v. State, 406 So.2d 1271 (Fla. 1st DCA 1981); and Billions v. State, 399 So.2d 1086 (Fla. 1st DCA 1981).
The judgment and sentence are vacated and this case is remanded for a new trial.
Reversed and Remanded.
SMITH and WIGGINTON, JJ., concur.