WILLIS, BEN C. (Ret.), Associate Judge.
Oceanus McCall, the defendant below, appeals from his conviction and sentence for first degree attempted felony murder and armed robbery. We affirm in part and reverse in part.
On September 25, 1980 a man entered the City Liquors Store in Lake City and robbed the clerk at gun point. The owner arrived just as the robber was leaving and chased the robber who fled in his vehicle. During the chase the robber fired several shots at the owner and his vehicle. The chase ended when the robber’s car stalled and he fled into the woods. Three years later, the defendant Oceanus McCall was *1232 apprehended as the robber, and said “... you didn’t catch me because I jumped out of the car.” The defendant was arrested and a public defender was appointed to represent him. The defendant moved to have his counsel removed because of a conflict of interest. The trial judge conducted a hearing at which he determined that there were no grounds for dismissing the public defender. Testimony at the hearing indicated that the defense counsel was doing an above average job. The trial judge indicated no grounds existed for removing the public defender and that he would not do so. He then carefully explained to the defendant that if the defendant insisted on having his public defender removed from the ease, he would have to represent himself or retain private counsel. The trial judge warned the defendant of the grave dangers of self representation in the face of such serious charges. Shortly thereafter the public defender moved to withdraw from the ease. The defendant had indicated grave dissatisfaction with the public defender and had indicated that he planned to write the bar complaining about his counsel. The trial judge held another hearing, at which time he gave the defendant another chance to present grounds for dismissing the public defender. The defendant was unable to do so but insisted on having his public defender withdraw from the case. At this time the judge again warned the defendant of the dangers of self representation. The judge also inquired into the background, education, and previous experience with the legal system of the defendant. This inquiry showed that the defendant had graduated from high school and had been involved in six previous criminal proceedings three of which culminated in trial. The defendant said that he intended to retain private counsel. The judge allowed the public defender to withdraw and reiterated to the defendant that if he did not retain private counsel he would be representing himself.
The defendant showed up on the day of the trial without having retained private’ counsel. The judge inquired into his efforts at retaining private counsel and discovered that his only efforts had been to have his mother contact an attorney the previous afternoon. The judge held that these efforts were inadequate and construed the defendant’s refusal to cooperate with appointed counsel and failure to attempt to retain private counsel to be an election for self representation. The trial judge carefully went over trial procedure with the defendant in an effort to aid him in his own defense. A trial was held after which the jury returned a verdict of guilty of first degree attempted felony murder and armed robbery. At the sentencing hearing the defendant was given another chance to be represented by the public defender. He again refused. After a brief discussion between the prosecutor and the judge of the sentencing guidelines recommended range, and after a discussion of the habitual offender statute, the defendant was sentenced to two concurrent terms of life with a three year mandatory minimum. The defendant appeals his waiver of counsel and his sentencing under the sentencing guidelines. We affirm the conviction but reverse the sentence and remand for resentencing.
We affirm the defendant’s conviction and hold that he did knowingly and intelligently waive his right to counsel. A trial judge may not force a defendant to represent himself where the defendant does not knowingly and intelligently elect to do so. Keene v. State, 420 So.2d 908 (Fla. 1st DCA 1982). However, the unreasonable refusal to accept appointed counsel is equivalent to a request for self representation. Jones v. State, 449 So.2d 253 (Fla.1984). In the present case, the record reflects that the defendant was given ample opportunity to show cause why his counsel should be dismissed and another appointed for him. The defendant was unable to do so and yet insisted on having his counsel removed. Although a trial judge must be very careful before allowing an indigent defendant to represent himself, the record before us indicates that the trial judge did everything required of him by law in this case. In Smith v. State, 444 So.2d 542 *1233 (Fla. 1st DCA 1984), Judge Nimmons laid out carefully the procedure a trial court must follow before allowing an indigent defendant to represent himself. First, the trial court must determine whether adequate grounds exist for replacement of the defendant’s counsel. The trial court in the present case, conducted a thorough hearing and determined that no such grounds existed. If the defendant persists in his demand that his appointed counsel be discharged, the trial court must make him aware that this request is the-same as a request for self representation, and explain to the defendant the dangers of self representation. Smith, supra at 545. The present record indicates that the trial court did both these things on several occasions. The court must also:
determine whether unusual circumstances exist which would cause the accused to be deprived of a fair trial if permitted to conduct his own defense, and that the purpose of such inquiries such as the accused’s age, mental derangement, lack of knowledge, education or inexperience in criminal proceedings, is to make certain that defendant is aware of the disadvantage under which he is placing himself by waiving counsel.
Keene v. State, supra at 910. The record in the instant case reflects that the trial court made a careful and thorough inquiry into such matters. We find that the defendant’s unreasonable refusal to accept state appointed counsel rises to the level of that in Jones v. State, supra., such that this refusal is the equivalent for a request for self representation. We also find from the record that the trial judge carefully followed the requirements laid out in Smith, supra., and adequately guaranteed the defendant’s right to counsel.
Next, the defendant appeals his sentence. He contends that the use of the sentencing guidelines was improper since the crime occurred before the effective date of the sentencing guidelines, and since the defendant made no affirmative election to be sentenced under the guidelines. Brooks v. State, 466 So.2d 1182 (Fla. 1st DCA 1985). The record discloses that the sentencing guidelines were discussed briefly, but that the defendant never made any comment in regard to them. Neither a discussion of the scoresheet nor the defendant’s silence can be considered an affirmative election. Lloyd v. State, 473 So.2d 765 (Fla. 1st DCA 1985). Even where the defendant is sentenced as an habitual offender, as in the present case, and there is a departure from the guidelines, he must affirmatively elect to be sentenced under the guidelines. Holt v. State, 472 So.2d 551 (Fla. 1st DCA 1985). The defendant made no affirmative election and is therefore entitled to be resentenced.
Affirmed as to conviction, reversed and remanded for resentencing.
BOOTH, C.J., and ZEHMER, J., concur.