512 So.2d 291 (1987)
James Marvin SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. BP-184.
District Court of Appeal of Florida, First District.
September 9, 1987.
Michael E. Allen, Public Defender and Phil Patterson, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Asst. Atty. Gen., and John M. Koenig, Asst. Atty. Gen., Tallahassee, for appellee.
ERVIN, Judge.
The appellant appeals his conviction for the offense of escape. Finding that the trial court failed to make a sufficient inquiry *292 in determining whether the appellant made an intelligent waiver of his right to counsel, we reverse and remand.
This case is controlled by Smith v. State, 444 So.2d 542 (Fla. 1st DCA 1984). In Smith, this court set forth specific guidelines which a trial court must follow in order to ensure that the defendant is knowingly and intelligently relinquishing his right to assistance of counsel. Although we acknowledge that the trial court's inquiry of the appellant in this case was more thorough than that made by the trial court in Smith, the trial judge still failed to make the pertinent inquiries mandated by Smith and Rule 3.111(d), Florida Rules of Criminal Procedure.[1]
Specifically, Smith holds that when a defendant moves to discharge his court-appointed attorney, the trial court should first determine whether adequate grounds exist for replacement of the attorney with new counsel. The trial court here made no such determination. Additionally, the court made no inquiry as to the appellant's age, mental condition, education, or the nature and complexity of the case, all of which are relevant to determine the appellant's capacity to make an intelligent waiver of assistance of counsel.
The deprivation of assistance of counsel without a sufficient examination into the ability of the defendant to intelligently waive such a right constitutes reversible error. The judgment and sentence are vacated and the case is remanded for a new trial.
REVERSED and REMANDED for proceedings consistent with this opinion.
SMITH, C.J., concurs.
BOOTH, J., dissents.
NOTES
[1] Rule 3.111(d)(3), provides: "No waiver shall be accepted where it appears that the defendant is unable to make an intelligent and understanding choice because of his mental condition, age, education, experience, the nature or complexity of the case, or other factors."