529 So.2d 811 (1988)
Wayne HART and Demetrias McCutchen, Appellants,
v.
STATE of Florida, Appellee.
No. BT-162.
District Court of Appeal of Florida, First District.
August 11, 1988.
*812 Michael E. Allen, Public Defender and David P. Gauldin, Sp. Asst. Public Defender, Tallahassee, for appellants.
Robert A. Butterworth, Atty. Gen. and Helen P. Nelson, Asst. Atty. Gen., Tallahassee, for appellee.
ERVIN, Judge.
Wayne McCutchen and Demetrias Hart appeal their convictions for arson. Both appellants dismissed their court-appointed counsel and now object to the inquiries made by the court prior to allowing the defendants to represent themselves. After determining that the trial court failed to make a Faretta inquiry (see Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)) as to whether appellant McCutchen made an intelligent waiver of his right to counsel, we reverse his conviction and remand the cause for new trial. We affirm, however, the conviction of appellant Hart, concluding that the inquiry made by the trial court regarding his waiver of counsel was adequate.
McCutchen and Hart requested that their court-appointed attorneys be dismissed via pro se pretrial motions. The lower court denied the motion of Hart after the latter had advised the court that he did not have sufficient knowledge of the law to represent himself. The court granted the motion of McCutchen, following its warnings to him of his right as an indigent to be represented by private counsel, have a public defender appointed or to represent himself, as well as cautioning him that he would be handicapped in preparing his defense if he represented himself. The defendant reiterated his desire to represent himself and the court dismissed his counsel.
In our view the trial court failed to make an adequate inquiry regarding whether McCutchen was "literate, competent and understanding, and that he was voluntarily exercising his informed free will." Muhammad v. State, 494 So.2d 969, 974 (Fla. 1986), cert. denied, 479 U.S. 1101, 107 S.Ct. 1332, 94 L.Ed.2d 183 (1987), quoting Faretta, 422 U.S. at 835, 95 S.Ct. at 2541, 45 L.Ed.2d at 581. As there was no detailed inquiry by the trial court to ensure that the defendant knowingly and intelligently relinquished his right to counsel, as mandated by Faretta and Rule 3.111(d), Florida Rules of Criminal Procedure, the conviction and sentence of McCutchen is reversed and his case is remanded for a new trial. See Smith v. State, 512 So.2d 291 (Fla. 1st DCA 1987).
Following jury selection, Hart renewed his motion to dismiss counsel. After prompting by the state attorney, the court inquired regarding the defendant's educational background, as well as his experience in trial cases and criminal procedure. We conclude that this questioning by the trial court was sufficient to meet the requirement of a Faretta inquiry, as "[t]he record affirmatively shows that defendant was literate, competent, and understanding, that he voluntarily exercised his free will and that the court made it explicitly clear that it thought defendant was making a mistake in refusing to accept the appointment of counsel." Jones v. State, *813 449 So.2d 253, 257 (Fla.), cert. denied, 469 U.S. 893, 105 S.Ct. 269, 83 L.Ed.2d 205 (1984).[1]
AFFIRMED in part, REVERSED in part and REMANDED for further consistent proceedings.
JOANOS and NIMMONS, JJ., concur.
NOTES
[1] Although the court did not then explicitly advise appellant that it thought it would be a mistake to dismiss counsel, the court had earlier advised appellant of the advantages of accepting appointed counsel when considering the defendant's pretrial motion to dismiss counsel.