ERVIN, Judge.
Appellants raise the issue whether they knowingly, voluntarily and intelligently waived their right to counsel. We affirm the waiver as to appellant Gary Smith, but reverse as to Otis Smith.
When Gary Smith was queried regarding his waiver of counsel the following colloquy ensued:
THE COURT: Gary Phillip Smith. And Otis Dean Smith. Are they Co-Defendants?
MR. HUSBANDS: Yes ma’am.
MR. GARY SMITH: Yes ma’am.
THE COURT: Is Mr. Otis Dean Smith present in the courtroom?
MR. GARY SMITH: Your Honor,, my brother is presently snowed in in Northern California. ... I have filed upon his behalf Notices of Appearance and discovery, Statement of Particulars, Production of Police Reports and everything else in his—
THE COURT: Well, sir, you are an attorney?
MR. GARY SMITH: No sir, but I — no ma’am, but I have filed under Florida Statute 454.18 to represent myself in this pretrial.
THE COURT: I’m talking about, you said you were filing a Notice of Appearance on your brother’s behalf.
MR. GARY SMITH: Yeah, he, it’s his Notice. It’s separate from mine. In other words, it’s not a, it’s not a combined Notice.
THE COURT: Who is, a Notice of Appearance is normally something filed by an attorney saying that he or she is representing a client.
MR. GARY SMITH: Right.
THE COURT: Is that what you meant? MR. GARY SMITH: No ma’am. This was to notify the Court that, that he is representing himself, as I am.
THE COURT: [H]ave you had any experience in court before?
MR. GARY SMITH: More than I care to. Recently.
THE COURT: Well, I want to make sure that you’re, you’re competent to represent yourself. And you understand— MR. GARY SMITH: Yes ma’am, I have been studying and researching the thing diligently. I think that for this purpose today, I shouldn’t have any problem. THE COURT: All right, now, how far have you gone in school?
MR. GARY SMITH: Two years college, junior college.
THE COURT: What’s your occupation? MR. GARY SMITH: My occupation is asset recovery. We do asset recovery work.
[[Image here]]
THE COURT: Okay. And how old are you, sir?
MR. GARY SMITH: I’m 39.
THE COURT: Okay. You have had, have you had experience in criminal courts before?
MR. GARY SMITH: No ma’am, I have represented myself on a, on a misdemeanor, but nothing of this severity. THE COURT: Okay. Have you -ever suffered from any mental, mental illness or have been treated for it?
MR. GARY SMITH: No ma’am.
*63 THE COURT: Are you presently addicted to alcohol or drugs?
MR. GARY SMITH: No ma’am.
[[Image here]]
THE COURT: [Y]ou are capable of hiring a lawyer, if you wanted to, is that
right?
MR. GARY SMITH: Yes ma’am.
THE COURT: Financially.
MR. GARY SMITH: Yes ma’am.
We conclude that this inquiry satisfied the requirements of Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), and demonstrates a clear and unequivocal waiver by appellant Gary Smith.
With respect to Otis Smith, however, the record fails to disclose the waiver required by Faretta. Specifically, when he first appeared before the court on February 3,1988, he testified: “I’d like to have a public defender stand for me today.... * * * I need a lawyer.” When the trial judge reminded him that his brother had assured her that he could represent himself, he replied: “I probably could if I had to, but I choose not to. I would prefer to have an attorney.” When asked about his financial situation, he replied: “That’s one of the details we’re going to have to work out.” When he later áppeared on February 17,1988, and was asked if he was financially able to hire his own lawyer, he replied: “If I could find one.”
In Hart v. State, 529 So.2d 811 (Fla. 1st DCA 1988), applying Faretta and Muhammad v. State, 494 So.2d 969 (Fla.1986), cert. denied, 479 U.S. 1101, 107 S.Ct. 1332, 94 L.Ed.2d 183 (1987), we observed that before a defendant is permitted to waive counsel, the trial judge must make a determination that the defendant is literate, competent and understanding, and that he is voluntarily exercising his informed free will. Hart, 529 So.2d at 812. Although we are satisfied from the record that Otis Smith is literate, competent and understanding, we think that his testimony is inconsistent with any determination that he was “voluntarily exercising his informed free will,” as required by the above cases, because it lacks a clear and unequivocal statement sufficient to show that his waiver of the services of an attorney was knowingly and intelligently given.
In addition, although we acknowledge a trial judge is not obligated to make a determination of indigency under Section 27.52, Florida Statutes (1987), unless an accused person “claims indigency," we are of the view that the above remarks sufficiently made the necessary claim, and obligated the judge to inquire further in order to determine whether public counsel should have been appointed.
For the above reasons, the conviction of Otis Smith is reversed and his case is remanded for a new trial.
AFFIRMED in part, REVERSED in part and REMANDED.
SHIVERS and JOANOS, JJ., concur.