# Third District Court of Appeal

## State of Florida

Opinion filed October 29, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1037
Lower Tribunal No. B23-3586

_____

**Ramon A. Osorio,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Stephanie Silver, Judge.

Carlos J. Martinez, Public Defender and Nicholas A. Lynch, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General and Linda Katz, Assistant Attorney General, for appellee.

Before LOGUE, GORDO and LOBREE, JJ.

LOBREE, J.

Ramon A. Osorio was adjudicated guilty after a non-jury trial of

resisting an officer without violence and sentenced to six months of probation with special conditions. Based on the record before us, the trial court required Osorio to represent himself without certifying in writing pretrial that it would order no incarceration or making an adequate inquiry into his finances despite Osorio's claims that he was indigent. Accordingly, we reverse and remand for a new trial.[1]

Florida, "through its Constitution, Rules of Criminal Procedure, and the Florida Statutes," affords the substantive right to appointed counsel to indigent criminal defendants charged with "*offenses punishable by imprisonment.*" State v. Kelly, 999 So. 2d 1029, 1040 (Fla. 2008) (quoting Fla. R. Crim. P. 3.111(b)(1) (1992)). Section 27.40(1), Florida Statutes (2023), provides that counsel shall be appointed to represent any individual in a criminal proceeding entitled to court-appointed counsel under the Federal or State Constitution. "The court shall appoint a public defender to represent indigent persons as authorized in [section] 27.51." Id. Section 27.51(1)(b)1., Florida Statutes (2023), directs that the public defender shall represent any person determined to be indigent under section 27.52, Florida Statutes (2023), and charged with a misdemeanor authorized for prosecution by the state attorney.

---

[1] Based on this disposition, we decline to reach the remaining issues raised.

2

Section 27.512, Florida Statutes (2023), provides an exception to this requirement. In each case in which the court determines that it will not sentence the defendant to imprisonment if convicted, the court shall issue an order of no imprisonment, in a form determined by rules adopted by the Florida Supreme Court. Id. Florida Rule of Criminal Procedure 3.111(b)(1) further provides:

> Counsel shall be provided to indigent persons in all prosecutions for offenses punishable by incarceration including appeals from the conviction thereof. In the discretion of the court, counsel does not have to be provided to an indigent person in a prosecution for a misdemeanor or violation of a municipal ordinance *if the judge, at least 15 days prior to trial, files in the cause a written order of no incarceration* certifying that the defendant will not be incarcerated in the case pending trial . . . .

(Emphasis added). Here, it is undisputed that the trial court failed to enter a written order certifying that Osorio would not be incarcerated as part of a sentence after trial. Yet the State contends that such an order was unnecessary as Osorio was not indigent. But the record is silent as to any inquiry or determination made by the trial court about Osorio's indigency status.

Rule 3.111(a) provides that a "person entitled to appointment of counsel as provided herein shall have counsel appointed when the person is formally charged with an offense, or as soon as feasible after custodial

3

restraint, or at the first appearance before a committing judge, whichever occurs earliest." We recognize that section 27.52 provides that a person seeking the appointment of a public defender under section 27.51 based on an inability to pay must apply to the clerk for a determination of indigent status. The record reflects that Osorio posted a bond the day after his arrest, but is silent as to whether he did so at or before any first appearance, where such an application is routinely completed. At arraignment, Osorio demanded a speedy trial and the trial court scheduled one, without guarantying Osorio that he faced no imprisonment or addressing the subject of his right to counsel. Before the beginning of the bench trial, Osorio told the court that he had no money and was indigent, but no further inquiry was made on this subject.

In a misdemeanor case punishable by incarceration, without a pre-trial certification of no incarceration, "it is the trial court's continuing responsibility to determine that a defendant who is not represented by counsel at any critical stage of a criminal proceeding is financially able to employ counsel[.]" Enrique v. State, 408 So. 2d 635, 639 (Fla. 3d DCA 1981). When a defendant claims indigency, a trial court is required "to inquire further in order to determine whether public counsel should have been appointed." Smith v. State, 546 So. 2d 61, 63 (Fla. 1st DCA 1989); see also DiBartolomeo v.

4

State, 450 So. 2d 925, 926 (Fla. 4th DCA 1984) (reversing where trial court compelled defendant to proceed pro se without making an adequate inquiry into his financial status because "[t]he trial court had a duty to make a full inquiry into the defendant's financial circumstances").

Here, it appears that the trial court acted under the belief that Osorio was not entitled to the appointment of a public defender where he was neither indigent nor facing incarceration if convicted.[2]  But Osorio was not required to initiate the submission of an affidavit of indigency under section 27.52 for the trial court to be obligated to make an indigency determination. See Enrique, 408 So. 2d at 639 ("[W]e note that the burden is not . . . on a counselless accused to initiate proceedings for the appointment of counsel by the filing of the affidavit called for by Section 27.52.").  Without any determination of Osorio's indigency, the trial court erred by failing to appoint counsel to Osorio as required by rule 3.111(b)(1) because there is nothing in the record reflecting that an order of no incarceration was entered or that Osorio waived his right to counsel.

Reversed and remanded for new trial.

---

[2] We recognize the overwhelming volume of our county court dockets, but recommend that the court double-check for timely entry of an order certifying no incarceration or ineligibility for appointment of counsel based on indigency before beginning any bench trial without the assistance of counsel.